**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| OMNI MEDSCI, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:24-cv-01070-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS, CO. | § | |
| LTD.,  ET. AL., | § | |
| | § | |
| *Defendants*. | § | |

**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is Defendant Oura Health Oy's ("Oura") Motions to Dismiss Plaintiff's Second and Third Amended Complaint (**Dkt. Nos. 68, 83**). In its Motions, Oura argues that they are improperly joined with other Defendants, and that Plaintiff has not adequately pled direct infringement to two of the asserted patents. Having considered the Motion, and for the reasons discussed below, the Court is of the opinion that Oura's Motion to Dismiss Plaintiff's Second Amended Complaint be **DENIED AS MOOT**, and Oura's Motion to Dismiss Plaintiff's Third Amended Complaint be **GRANTED** as to improper joinder; the Motion is otherwise **DENIED**. The Court therefore **RECOMMENDS** that Plaintiff's claims against Defendant Oura be **SEVERED** from Plaintiff's claims against the other Defendants.

## I.    <u>BACKGROUND</u>

In the instant action, Plaintiff accuses seven Defendants, including Oura, of infringement of U.S. Patent Nos. 9,055,868 ("the '868 Patent"), 9,651,533 ("the '533 Patent"), 10,517,484 ("the '484 Patent"), 10,874,304 ("the '304 Patent"), 11,160,455 ("the '455 Patent"), 12,193,790 ("the '790 Patent"), and 12,268,475 ("the '475 Patent") (the "asserted patents"). Dkt. No. 80 at 1. The asserted patents generally relate to measuring physiological information using optical measurement devices. *Id.* at 13.

Oura manufactures a "smart ring," that measures various physiological data to transmit to a user's smartphone or other device. Dkt. No. 83 at 1. In their Motion to Dismiss, Oura seeks dismissal of Plaintiff's direct infringement claims (Counts II and IV) with respect to the '533 Patent and '304 Patent, because Oura argues their "smart ring" does not feature all of the required physical hardware required to practice these two patents. *Id.* Oura also argues that they are improperly joined in this action, because they lack sufficient factual commonality. *Id.* at 2.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss (Rule 12(b)(6))

A party may move to dismiss an action when the complaint fails "to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). A complaint states a sufficient claim if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (citations omitted).

When considering a Rule 12 motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556).

**B.      Direct Infringement**

Determining whether a product or method literally infringes a patent is a two-step process. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1319 (Fed. Cir. 2012). The Court must first determine the proper construction of the asserted claims, which is a matter of law. *Id.* At the second step, the finder of fact must determine whether the asserted claim, as properly construed, "reads" on the product or method. *Id.* In other words, "a patentee must supply sufficient evidence to prove that the accused product or process contains . . . every limitation of the properly construed claim." *Eli Lilly & Co. v. Hospira, Inc.*, 933 F.3d 1320, 1328 (Fed. Cir. 2019) (quoting *Seal-Flex, Inc. v. Athletic Track and Court Const.*, 172 F.3d 836, 842 (Fed. Cir. 1999)). To infringe a patent claim, a product must meet all elements of the asserted claim either literally or under the doctrine of equivalents. *Adv. Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1287 (Fed. Cir. 2000).

**C.      Joinder**

In "any civil action arising under any Act of Congress relating to patents" filed after September 16, 2011, Fed. R. Civ. P. 20 is affected by 35 U.S.C. § 299, which reads as follows:

> (a) Joinder of accused infringers.--With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if--

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

(b) Allegations insufficient for joinder.--For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

(c) Waiver.--A party that is an accused infringer may waive the limitations set forth in this section with respect to that party. 35 U.S.C. § 299

This standard, considered "more stringent" than Rule 20, requires that "transaction or occurrence must relate to making, using, or selling of the *same accused product* or process." *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 939 (Fed. Cir. 2013). Upon a finding of improper joinder, a court may sever the improperly joined claims. *See Realtime Data, LLC v. Hewlett Packard Enter. Co.*, 2017 WL 3709095, at *3 (E.D. Tex. Feb. 3, 2017).

## III.   ANALYSIS

### A.   Joinder

Oura argues that Plaintiff's only pleaded connection is that Oura's products "may be 'integrated with and connected to smartphones and tablets' offered by other defendants." Dkt. No. 83 at 14. Oura argues that compatibility with other Defendants' products alone cannot support joinder, and that instead, the statute requires the claims to "arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process." *Id.* Oura adds that Plaintiff has not pleaded any further connection between it and the other Defendants. *Id.*

Plaintiff argues Oura is properly joined, because Oura "uses the same components in its accused system as Samsung, OnePlus, and Fossil—the Samsung and OnePlus mobile devices."

Dkt. No. 87 at 12. Plaintiff argues that because all defendants have "roughly equivalent hardware and software," used "the same way," joinder is proper. *See NFC Tech., LLC v. HTC Am.*, 2014 WL 3834959, at *2 (E.D. Tex. Aug. 1, 2014). Finally, Plaintiff argues Oura's cited caselaw is factually inapposite. Dkt. No. 87 at 13-14.

While "efficient," joinder of Plaintiff's claims against Oura runs contrary to 35 U.S.C. § 299's plain statutory command. Dkt. No. 83 at 14. Like the accused smartphones in *Traxcell*, "integration into a larger system" is an insufficient basis to support joinder. Oura's "smart ring" and "Oura Cloud" are merely "designed to connect to and work in concert with an iOS or Android OS smartphone or tablet (including the Samsung Phone, Samsung Tablet, OnePlus Phone, and OnePlus Tablet products) through related mobile apps provided and/or supported by Ōura." *See* Dkt. No. 80 at ¶ 193. The Court has already held that a "marketing alliance" is an insufficient basis for joinder, because it raises concerns that "thousands" of dissimilar parties may be joined into an infringement suit. *See Realtime Data, LLC v. Hewlett Packard Enter. Co.*, 2017 WL 3709095, at *3 (E.D. Tex. Feb. 3, 2017). Oura's relationship with the other Defendants doesn't even rise to the level of *Realtime Data*, there is no indication that Oura's app sales constitute any sort of "alliance" with any other Defendants.

Plaintiff's citation to *NFC Tech* is inapplicable, because there, the Defendants were *directly* using the same chip in "roughly equivalent," infringing, ways. Nothing in Plaintiff's complaint alleges any meaningful connection beyond a user's ability to connect Oura's devices to a generic Android or iOS smartphone. Plaintiff has not alleged any other connection between Oura and other Defendants. While "overlapping facts" may exist to the accused infringement, *no facts* exist, sufficient to demonstrate that the relief sought arises out of the "same transaction, occurrence, or series of occurrences." Therefore, Oura's joinder is improper.

5

### B.    Direct Infringement[1]

In its Complaint, Plaintiff alleges Oura directly infringes the '533 and '304 Patents, through its "smart ring," and tablets/smartphones used by end users, employee testing, and/or Oura's compatibility with tablets/smartphones. Dkt. No. 80 at ¶ 227-230, 302-306.

Oura argues that it does not directly infringe the '533 and '304 Patents, because the "smart ring" does not feature, nor does Oura "own or control" the smartphones or tablets required to practice the asserted claims. Dkt. No. 83 at 9. Oura adds that Plaintiff has failed to allege that any testing activity by Oura occurred *in the United States*.[2] Dkt. No. 93 at 2-3. Oura also argues that Plaintiff's direct infringement accusations that partially rely on end user activity are improper, because the Defendant itself must "make or use" the "complete system." Dkt. No. 83 at 13.

Looking at Plaintiff's pleaded facts in the light most favorable to it, Plaintiff has sufficiently pleaded direct infringement, through Oura's testing. While Oura argues that it is a Finnish company that tests primarily in Finland, because the Motion to Dismiss fails to *negate* this fact, it must fail. Therefore, Plaintiff's testing allegations are sufficient because Plaintiff plausibly alleges that Oura's testing practices practice the entirety of the asserted claims.

## IV.    CONCLUSION

Having considered the Motion, and for the reasons discussed above, the Motion to Dismiss Plaintiff's Second Amended Complaint should be **DENIED AS MOOT**, and Oura's Motion to Dismiss Plaintiff's Third Amended Complaint should be **GRANTED** as to improper joinder; the Motion should be otherwise **DENIED**.

---

[1] In its Motion to Dismiss, Oura raises the issue of indirect infringement, however its brief makes no further argument. Therefore, the Court need not address indirect infringement.

[2] Oura "is a Finnish osakeyhtiö with its principal place of business at Elektroniikkatie 10, 90590, Oulu, Finland." Dkt. No. 93 at 3.

Therefore, the Court **RECOMMENDS** that Plaintiff's claims against Defendant Oura Health Oy be **SEVERED** from Plaintiff's claims against the other Defendants, and that a new civil action be opened by the Clerk for the severed claims. Within 20 days after the new action is opened (after any objections to this Report and Recommendation are resolved) Plaintiff will be ordered to file a new complaint against Oura Health Oy alone.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 15th day of March, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE