IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

OMNI MEDSCI, INC.,    §
§
v.    §
§    Case No. 2:24-cv-1070-JRG-RSP
SAMSUNG ELECTRONICS CO., LTD., et §
al.    §
§

**FIRST AMENDED PROTECTIVE ORDER**[1]

Before the Court is the Parties' Unopposed Motion to Amend the Protective Order. **Dkt. No. 152**. Having considered the Motion, the Court is of the opinion that the Motion be, and hereby is, **GRANTED**.

WHEREAS, Plaintiff Omni MedSci, Inc. and Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., Fossil Group, Inc., Fossil Stores I, Inc., Fossil Partners, L.P., Ōura Health Oy, and OnePlus Technology (Shenzhen) Co., Ltd. (collectively, "Defendants"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties in the above-captioned case ("Action") involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be

---

[1] This First Amended Protective Order replaces the Protective Order entered on May 1, 2025 (Dkt. 51).

designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." A designation of "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For documents produced in native format, the Producing Party may reflect the confidentiality designation on the corresponding Bates-numbered placeholder image or slip sheet, and any such designation shall be deemed effective and shall govern the native file, regardless of whether the native file itself bears a visible legend. For deposition and hearing transcripts, a designation of "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential," "Confidential - Outside Attorneys' Eyes Only," "Restricted – Attorney's Eyes Only," or "Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all discovery responses; (c) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (d) pretrial pleadings, exhibits to pleadings and other court filings; (e) affidavits, declarations, and expert reports; and (f) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 14 herein:

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

(a)     outside counsel of record in this Action for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)     outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with (i) a current curriculum vitae of the consultant or expert ; (ii) an identification of the consultant's or expert's current employer(s) and corresponding job description, (iii) an identification of each person or entity from whom the consultant or expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services in connection with a litigation, at any time during the preceding five years, and (iv) an identification (by name and number of the case and location of court) any litigation in connection with which the consultant or expert has offered testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years (including a list of all other cases in which, during the previous five years, the witness testified as an expert at trial or by deposition) at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to permit the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any

objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(f)    mock jurors who have signed an Undertaking attached as Appendix A hereto or an agreement agreeing to not publicly disclose Protected Material and to keep any information concerning Protected Material confidential; and

(g)    the Court and its personnel.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties (other than the producing Party) only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or

descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes, reproduces, and/or contains computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (d-g). Third parties producing materials under this Order may limit access to any Protected Materials to outside counsel for the parties (i.e., no access by in-house counsel) by designating these materials as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY."

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    (a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) (i) will be able to print selected code to pdf, or (ii) may be connected a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below. At the request of the receiving Party, the stand-alone computer(s) may have installed source code review programs or tools, as requested, to assist the outside consultants or experts in their review. The requesting Party shall provide valid license keys for any requested

programs and bear any burden for additional costs. Native source code files placed in a requested production folder will not be produced but may be utilized for producing requested printouts. Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or its vendors', in the United States, or any other reasonable mutually agreeable location. Neither the receiving Party's outside counsel nor its outside consultants or experts may connect any device to the stand-alone computer(s);

(b)     The receiving Party shall request access to the stand-alone computer(s) to inspect Source Code Material at least ten (10) business days prior to the first review and three (3) business days prior for subsequent review session, which requests shall not be reasonably refused. The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The receiving Party shall not bring electronics including, but not limited to, laptops, external drives, cellular telephones, tablets, and cameras, into the room containing the stand-alone computer(s) for review. Upon request from the receiving Party, the producing Party shall make reasonable accommodations to provide a breakout room for the receiving Party during any source inspection. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at one of the locations listed in paragraph 10(a) shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above. Each stand-alone computer shall include, at the receiving Party's request, commercially available analysis tools appropriate for the type of Source Code Material produced. The receiving Party shall be responsible for providing the producing Party with the tools or licenses to the tools it wishes to use so that the producing Party may install such tools on the stand-alone computer(s) prior to access by the receiving Party;

(e)    Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. Any outside counsel, consultants, or experts may take notes during any inspection of Source Code Materials on bound notebooks or notepads, but such notes shall not directly copy more than fifteen (15) consecutive lines of the Source Code Materials. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (collectively, "Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, with such consent not to be unreasonably withheld, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party may request a reasonable number of pages of Source Code Material be printed by the producing Party. The producing Party shall electronically produce any such requested printing of Source Code Material within five (5) business days. The production of Source Code Materials shall include production or Bates numbering and a "RESTRICTED CONFIDENTIAL SOURCE CODE" designation. The Producing Party will collect any electronically printed versions of the source code created in Adobe, and Bates number, copy, and label them "RESTRICTED CONFIDENTIAL SOURCE CODE." Within five (5) business days, the Producing Party must either (a) produce 1 set of such pages to one office of the Receiving Party's Counsel of Record or (b) provide notice that the printed portions are excessive or were not requested for a permitted purpose. The receiving Party shall be permitted reasonable number of paper copy printouts of such produced Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed. The Parties agree that printing portions of source code that exceed a reasonable number of total pages or a

- 9 -

reasonable block of continuous pages shall be done only by agreement by the producing Party or by an order from the Court For the purpose of this provision:

- the number of printout copies shall not exceed 50 pages of contiguous Source Code Material;

- the total number of pages of Source Code Material printouts shall not exceed 750 pages;

- to the extent that a request by the receiving Party exceeds either of these limits, the Parties agree to work in good faith to resolve the dispute; and

- any increase to the total number of Source Code Material printout limit shall be in increments of 250 pages.

(i)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(k)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on electronic format, paper, or

removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as necessary to file or serve documents which, in accordance with this Court's rules, procedures, or orders, must be filed or served electronically. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer; and

(l)     The producing Party shall, on request, make a searchable electronic copy of the

(m)     Source Code Material available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code Material pursuant to paragraph 10(e) or paragraph 15.

11.    Any attorney representing Plaintiff, whether in-house or outside counsel, and any person associated with Plaintiff and permitted to receive another Party's Protected Material concerning technical subject matter (*i.e.*, excluding financial or other damages related materials) that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, accesses, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of Plaintiff or

its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. To avoid any doubt, "Prosecute" as used in this paragraph does not include representing a Party for secretarial purposes, such as, for example, recording assignments and paying maintenance fees and, further, does not include representing a Party in any and all *Inter Partes* Review (IPR), Post-Grant Review (PGR), *ex parte* reexamination (EPR), or any other post-grant proceedings (collectively, "Post-Grant Proceedings") related to the patents-in-suit, even if they have received and/or reviewed the other HIGHLY SENSITIVE MATERIAL, provided that they do not advise, consult, participate, or assist in any claim drafting or amendment of claims in such Post-Grant Proceedings, and will not use any of the producing Party's Protected Material in the proceeding unless agreed upon by the Parties or authorized by the United States Patent and Trademark Office.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected

markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the

- 13 -

terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this

- 14 -

Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving Party must immediately (a) notify the designating Party in writing of the unauthorized disclosures, and provide all known, relevant information concerning the nature and circumstances of the disclosure; and (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use occurs.

23. A receiving Party (including its counsel and their staff, experts, contractors, and consultants) shall not enter any information from a Producing Party's Protected Material into publicly accessible artificial intelligence (AI) platform, such as ChatGPT, or any

publicly accessible machine translation services like Google Translate that may result in the information becoming available to unauthorized parties, provided however, that a receiving Party (including its counsel and their staff, experts, contractors, and consultants) shall be permitted to engage reputable translation vendors to translate information from a Producing Party's Protected Material with the understanding that such vendors may use secure machine translation tools (*e.g.*, offline proprietary software that runs locally on the vendor's computers or proprietary software that utilizes private cloud-based technology). The receiving Party hiring such a vendor is responsible for reporting any breaches or loss of the Producing Party's data by the vendor (to the extent the Party hiring such vendor is aware of any breach) to the Producing Party immediately upon becoming aware of the breach and the receiving Party shall use reasonable efforts to investigate the breach or loss of data as soon as possible.

24.     In the event any Party encounters a data breach, the other Parties shall reasonably cooperate with the Party who experienced the data breach in investigating any apparent unauthorized access or breach of Protected Material. Any Party who experiences a data breach shall seasonably provide written notice of the breach to the other Parties, including complete information on all of the applicable facts and circumstances leading up to and resulting from the incident of the data breach available to such Party.

25.     If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any DESIGNATED MATERIAL belonging to another designating Party, that Party must:

(a)     promptly notify in writing the designating Party of the subpoena or court order. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected.

26.    If a designating Party timely seeks a protective order in response to paragraph 25(a), and absent a permission from the designating Party, the Party served with the subpoena shall not produce any DESIGNATED MATERIAL before a determination by the court from which the subpoena is issued. Notwithstanding the foregoing, a receiving Party shall not disclose any information designated in this action as "RESTRICTED CONFIDENTIAL – SOURCE CODE" absent a court order specifically compelling its production. Nothing in this paragraph or paragraph 25 should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

27.    To ensure compliance with applicable United States Export Administration Regulations, Protected Material of a technical nature may not be exported outside the United States or released to any "Foreign Person" (even if within the United States), as that term is defined in the United States Export Administration Regulations ("EAR"). Each Party shall be responsible for its own compliance with Export Control Laws and Regulations including but not limited to the EAR. For the avoidance of doubt, the definitions of "U.S. Person(s)" and "Foreign Person(s)" in the EAR shall apply to this Protective Order in determining the status of an individual.

28.    Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall be destroyed. No copies shall be retained by a receiving Party or other individuals retained to assist them in this litigation, except counsel may retain copies in their files and the terms of this Protective Order shall continue to apply to such copies. The language contained in this paragraph shall not preclude counsel from retaining documents constituting attorney work product as defined by applicable law, or

from retaining one copy of all such documents as part of a permanent litigation file that is otherwise subject to the confidentiality restrictions set forth herein. The receiving Party shall verify the destruction by affidavit furnished to the producing Party, upon the producing Party's request.

29.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

30.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

31.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

32.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

33.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**SIGNED this 23rd day of March, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| OMNI MEDSCI, INC., | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:24-cv-1070-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., et al. | § | |
| | § | |
| | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I,_____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

A-1