**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OMNI MEDSCI, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS, CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., FOSSIL GROUP, INC., FOSSIL STORES I, INC., FOSSIL PARTNERS, L.P., ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., and ŌURA HEALTH OY, <br><br> Defendants. | Case No. 2:24-CV-01070-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

**ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.'S
MOTION TO SEVER THE CLAIMS AGAINST IT**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION                                                                                          1

II.    FACTUAL BACKGROUND                                                                          2

    A.     Procedural History ................................................................................................ 2

    B.     Key Deadlines Under the Docket Control Order ..................................................... 3

    C.     The Defendants' Products Are Independently Designed and Unrelated ................ 3

    D.     Omni's Joinder Theory ......................................................................................... 4

III.   LEGAL STANDARD                                                                                     5

    A.     Joinder Under 35 U.S.C. § 299(a).......................................................................... 5

    B.     Severance Under Rules 20 and 21 ......................................................................... 6

IV.    ARGUMENT                                                                                             6

    A.     Ground 1: OnePlus Is Improperly Joined in This Action Because It Lacks
            Sufficient Factual Commonality with the Other Defendants................................. 6

    B.     Ground 2: Continued Joinder Will Prejudice OnePlus and Warrants Severance
            Under Rule 20(b) ................................................................................................ 10

V.     CONCLUSION                                                                                          12

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*,
No. 4:14–CV–371, 2015 WL 137419 (E.D. Tex. Jan. 9, 2015) ................................................. 5

*In re EMC. Corp.*, 677 F.3d 1351 (Fed. Cir. 2012) ................................................................. 5, 7, 9

*In re Nintendo Co., Ltd.*, 544 F. App'x 934, 939 (Fed. Cir. 2013) ................................................. 1

*NFC Tech., LLC v. HTC America*, No.
2:13–CV–01058–JRG, 2014 WL 3834959 (E.D. Tex. Aug. 1, 2014) .................................... 3, 9

*Realtime Data, LLC v. EchoStar Corp.*,
No. 6:17-CV-84 RWS-JDL, 2017 WL 4693512 (E.D. Tex. Jul. 19, 2017) .............................. 5

*Realtime Data, LLC v. Hewlett Packard Enter. Co. et al.*,
No. 6:16-CV-00086 RWS-JDL, 2017 WL 3709095 (E.D. Tex. Feb. 3, 2017) ................. passim

Report & Recommendation, Dkt. No. 146 ("R&R") .............................................................. passim

*Traxcell Technologies, LLC v. Nokia Solutions and Networks US LLC*,
No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134 (E.D. Tex. Oct. 21, 2019) .............. 8, 9, 11

**Statutes**

35 U.S.C. § 299(a) ...................................................................................................................... 1, 5

35 U.S.C. § 299(b) ...................................................................................................................... 1, 5

**Rules**

Fed. R. Civ. P. 20(b) .............................................................................................................. 1, 6, 10

Fed. R. Civ. P. 21 ......................................................................................................................... 1, 6

Fed. R. Civ. P. 42(b) ....................................................................................................................... 10

Defendant OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus" or "Defendant") respectfully moves to sever the claims against it from the instant action filed by Plaintiff Omni MedSci, Inc. ("Omni") pursuant to 35 U.S.C. § 299 as well as Federal Rules of Civil Procedure 20 and 21. This motion follows—and is compelled by—the same reasoning set forth in the Court's recent Report and Recommendation addressing improper joinder. Report & Recommendation, Dkt. No. 146 ("R&R").

## I.    INTRODUCTION

Omni has improperly joined OnePlus with the other defendants in this action. Under the America Invents Act ("AIA"), defendants may not be joined in a single patent infringement action unless the claims arise out of the same transaction or occurrence relating to "the making, using, importing into the United States, offering for sale, or selling of the same accused product or process," and "questions of fact common to all defendants . . . will arise in the action." 35 U.S.C. § 299(a). This standard, considered "more stringent" than Rule 20, requires that the "the transaction or occurrence must relate to making, using, or selling of the same accused product or process." *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 939 (Fed. Cir. 2013). Upon a finding of improper joinder, a court may sever the improperly joined claims. *See Realtime Data, LLC v. Hewlett Packard Enter. Co. et al.*, No. 6:16-CV-00086 RWS-JDL, 2017 WL 3709095, at *3 (E.D. Tex. Feb. 3, 2017)

Omni's claims against OnePlus in this action fail to satisfy these requirements. The sole basis for joining OnePlus with the other defendants—Samsung, Fossil, and Ōura (or "Oura")—is the allegation that the various defendants' wearable devices may be "integrated with and connected to smartphones and tablets, including Samsung and/or OnePlus smartphones and tablets." Third Amended Complaint ("TAC") ¶ 54. But integration into a larger system comprising independently developed components from unrelated manufacturers is an insufficient basis to support joinder

1

under the AIA. Each defendant in this action independently sells its own distinct products—Samsung sells Galaxy Watch smartwatches, Galaxy Rings, Galaxy smartphones, and Galaxy tablets, Fossil sells Fossil Gen smartwatches, Oura sells Oura Ring smart rings, and OnePlus sells OnePlus smartwatches, smartphones and tablets—with no meaningful connection among these independently designed and developed products other than a user's postulated and theoretical ability to a smartwatch with a generic Android or iOS smartphone. TAC ¶¶ 48–54. This is precisely the type of joinder that the AIA was designed to prevent.

Accordingly, OnePlus respectfully requests that the Court sever the claims against OnePlus from this action.

## II.    FACTUAL BACKGROUND

### A.    Procedural History

On December 20, 2024, Omni filed its initial Complaint, grouping together disparate defendants—each with their own distinct products—in a single action, alleging infringement of U.S. Patent Nos. 9,055,868 ("the '868 Patent"); 9,651,533 ("the '533 Patent"); 10,517,484 ("the '484 Patent"); 10,874,304 ("the '304 Patent"); and 11,160,455 ("the '455 Patent"). Dkt. No. 1. On March 6, 2025, Omni filed its First Amended Complaint, asserting one additional patent (U.S. Patent No. 12,193,790, "the '790 Patent") against Samsung, Fossil, and OnePlus, but not against Oura. On May 19, 2025, Omni filed its Second Amended Complaint, asserting U.S. Patent No. 12,268,475 ("the '475 Patent") against all defendants. Omni filed the TAC on August 12, 2025. Dkt. No. 80.

On March 15, 2026, Magistrate Judge Payne issued a Report and Recommendation finding that Oura was improperly joined in this action and recommending that Omni's claims against Oura be severed and transferred to a new civil action. R&R, Dkt. No. 146, at 1, 6–7. In that R&R, the Court held that Omni's complaint "alleges [no] meaningful connection beyond a user's ability to

2

connect Oura's devices to a generic Android or iOS smartphone," and that "*no facts* exist, sufficient to demonstrate that the relief sought arises out of the 'same transaction, occurrence, or series of occurrences.'" *Id*. at 5 (emphasis original). The Court distinguished *NFC Tech., LLC v. HTC America*, No. 2:13–CV–01058–JRG, 2014 WL 3834959, at *2 (E.D. Tex. Aug. 1, 2014)— on which Omni relied—because in that case "the Defendants were directly using the same chip in 'roughly equivalent,' infringing, ways," whereas here no such shared component exists. *Id*. OnePlus's position is materially indistinguishable from Oura's, and this Court's reasoning applies with equal force to OnePlus.

### B.    Key Deadlines Under the Docket Control Order

The Court's Third Amended Docket Control Order, entered March 19, 2026, establishes the following key deadlines for this case with respect to all three defendant groups: jury selection is scheduled for August 17, 2026; a pretrial conference is set for July 13, 2026; the deadline to file the Joint Pretrial Order and related pretrial filings is July 6, 2026; and motions in limine are due June 22, 2026. The current deadline to complete fact discovery and file motions to compel is March 30, 2026, and the current deadline to complete expert discovery is May 11, 2026 with expert witness disclosures for the party with the burden of proof due on April 6, 2026. Dispositive motions, including Daubert motions, are due by May 14, 2026. These deadlines underscore the urgency of resolving the joinder issue now, before the parties invest additional time and resources in preparing for a consolidated trial that improperly lumps together the unrelated defendants and their respective distinct products.

### C.    The Defendants' Products Are Independently Designed and Unrelated

Each defendant in this action manufactures and sells its own distinct wearable products that are independently designed and developed, with no commercial, corporate, or collaborative relationship among them.

3

Samsung manufactures and sells Galaxy Watch smartwatches and the Galaxy Ring, as well as smartphones and tablets. TAC ¶¶ 163–166. Fossil manufactures and sells its Gen series smartwatches. TAC ¶¶ 170–172. Oura manufactures and sells its Oura Ring smart rings. TAC ¶¶ 173–175. OnePlus sells OnePlus Watch smartwatches, as well as OnePlus smartphones and tablets. TAC ¶¶ 167–169.

These are different companies making different products using different technology. There is no allegation that OnePlus is owned by, owns, or is otherwise affiliated with any of the other defendants. *See generally* TAC. Samsung, Fossil, Oura, and OnePlus have no corporate relationship with one another, and their products are independently developed, independently manufactured, and independently sold.

### D.    Omni's Joinder Theory

The only connection Omni draws between OnePlus and the other defendants is the allegation that each defendant's accused devices are "integrated with and connected to smartphones and tablets, including Samsung and/or OnePlus smartphones and tablets, so as to enable such smartphones and tablets to receive and process data signals associated with measured physiological parameters over wireless transmission links from each defendant's wearable devices." TAC ¶ 54. Omni claims that "there is significant overlap of the components of the accused systems provided and supported by each Defendant" because all accused devices "are configured to measure physiological parameters and to transmit associated data signals wirelessly to smartphones and tablets, including Samsung and OnePlus smartphones and tablets." *Id.*

In other words, Omni's joinder theory incorrectly asserts that because each defendant's wearable device can be paired with a generic smartphones and tablets—including those sold by OnePlus or Samsung—there is a common transaction or occurrence. But that is nothing more than

4

an allegation that different defendants' products share an ability to connect to a generic smartphone or tablet, which courts in this District have repeatedly held is insufficient to support joinder.

## III.   LEGAL STANDARD

### A.   Joinder Under 35 U.S.C. § 299(a)

Under the AIA, defendants may not be joined in a single action unless: (1) Omni alleges infringement related "to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process," and (2) "questions of fact common to all defendants . . . will arise in the action." *Realtime Data, LLC v. EchoStar Corp.*, No. 6:17-CV-84 RWS-JDL, 2017 WL 4693512, at *3 (E.D. Tex. Jul. 19, 2017) (quoting 35 U.S.C. § 299(a)).

"Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." *In re EMC. Corp.*, 677 F.3d 1351, at 1359 (Fed. Cir. 2012). "Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.*

"'[T]he sameness of the accused products or processes is not sufficient.' The claims must also 'share an aggregate of operative facts,' which includes 'overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts.'" *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, No. 4:14–CV–371, 2015 WL 137419, at *3 (E.D. Tex. Jan. 9, 2015) (quoting *In re EMC. Corp.*, 677 F.3d at 1359).

"[A]ccused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b).

**B.      Severance Under Rules 20 and 21**

Upon a finding of improper joinder, the court has the discretion to sever the claims under Federal Rule of Civil Procedure 21. *See Realtime Data*, 2017 WL 3709095, at \*3).  Even where joinder may technically be proper, the Court retains discretion under Rule 20(b) to sever claims and order separate trials "to protect a party against embarrassment, delay, expense, or other prejudice." Fed. R. Civ. P. 20(b).

**IV.      ARGUMENT**

As set forth below, OnePlus is improperly joined in this action because its independently-designed products share no factual nexus with those of any other defendant—a conclusion already reached by Magistrate Judge Payne with respect to Oura on materially indistinguishable facts. R&R, Dkt. No. 146, at 5–6. Even if joinder were technically permissible, severance is independently warranted: OnePlus entered into this case six months after the other defendants, will be forced to trial on an incomplete record, and faces the prospect of a consolidated multiple-patent trial in which a single jury must simultaneously evaluate several unrelated product ecosystems with entirely different infringement evidence, non-infringement defenses, and expert testimony. Continued joinder prejudices OnePlus.

**A.      Ground 1: OnePlus Is Improperly Joined in This Action Because It Lacks Sufficient Factual Commonality with the Other Defendants, and Should Be Severed under Rule 21**

*1.   The Defendants Sell Different, Independently Developed Products*

The accused products in this case are fundamentally different. Samsung is accused of infringing the Asserted Patents through its Galaxy Watch smartwatches, the Galaxy Ring, and Samsung smartphones and tablets. TAC ¶¶ 163–166. Fossil is accused through its Gen series smartwatches. TAC ¶¶ 170–172. Oura is accused through its Oura Ring smart rings. TAC ¶¶ 173–

6

175. OnePlus is accused through its OnePlus Watch smartwatches, OnePlus smartphones, and OnePlus tablets. TAC ¶¶ 167–169.

These are all independently designed, independently manufactured, and independently sold products. There is no allegation that any defendant's wearable product was developed in collaboration with, or incorporates technology from, any other defendant. Each defendant's products were independently designed, engineered, and brought to market without any connection to the other defendants' products. Under *In re EMC*, "independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." 677 F.3d at 1359.

### 2. *Integration into a Larger System Is an Insufficient Basis for Joinder*

Omni's sole theory of joinder is that each defendant's wearable devices are configured to connect to smartphones and tablets, including Samsung and OnePlus smartphones. TAC ¶ 54. But this Court and others in this District have repeatedly held that the mere fact that independently-developed products may be used together as part of a larger system does not establish the requisite factual commonality for joinder.

In *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, Judge Love concluded that joinder was inappropriate where the defendants provided separate components of a larger system and plaintiffs alleged that the defendants possessed a "marketing alliance" with each other that justified joinder. 2017 WL 3709095, at *3).

Similarly, in *Traxcell Technologies, LLC v. Nokia Solutions and Networks US LLC*, this Court applied *Realtime Data* and found that HMD Global Oy had "no significant connection with T-Mobile other than the fact that the HMD Global Oy phones may be used on the T-Mobile network." No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134, at *2 (E.D. Tex. Oct. 21, 2019). The Court warned that "permitting joinder based on this fact would open the door to allow Traxcell to

7

join a very large number of other entities on the sole basis that the components may work together as part of a larger system." *Id.* The Court further emphasized that "there must be some further evidence of a relationship between the parties with respect to a certain product or process in order to support joinder under § 299." *Id.* (quoting *Realtime Data*, 2017 WL 3709095, at *3). Magistrate Judge Payne's Report and Recommendation in this case applied the same reasoning, holding that "[l]ike the accused smartphones in *Traxcell*, 'integration into a larger system' is an insufficient basis to support joinder." Report & Recommendation, Dkt. No. 146, at 5.

The same reasoning applies here. There is no alleged meaningful connection between OnePlus and the other defendants beyond a user's ability to pair a generic OnePlus smartphone or tablet with any of the defendants' wearable devices via Bluetooth—a capability shared by virtually every smartphone or tablet on the market. The fact that Oura Ring, Fossil's smartwatches, and Samsung's Galaxy Watches can all connect to a OnePlus smartphone or tablet does not mean that the infringement claims against those defendants and OnePlus arise out of the "same transaction or occurrence." These are separate, unrelated products that happen to be compatible with common smartphone or tablet platforms—a trait shared by countless consumer electronics products.

### 3.  *There Is No Meaningful Connection Beyond Generic Smartphone Compatibility*

Omni does not allege that OnePlus has any corporate or commercial relationship with Samsung, Fossil, or Oura. Omni does not allege that OnePlus collaborated with any other defendant in designing or manufacturing its products. There is no allegation that OnePlus and any other defendant jointly developed any technology or entered into any agreement relevant to the accused products or processes.

What remains is simply Omni's assertion that the various defendants each sell wearable devices configured to connect to smartphones or tablets. TAC ¶ 48. But as the court explained in *Imperium*, a "particular functionality of the products with respect to the patent [being] the same"

8

does not show that the claims "share an aggregate of operative facts." 2015 WL 137419, at *1–4. The "sameness of the accused products or processes is not sufficient." *Id.* at *3 (quoting *In re EMC Corp.*, 677 F.3d at 1359).

There must be "some further evidence of a relationship between the parties with respect to a certain product or process in order to support joinder under § 299." *Traxcell*, 2019 WL 8137134, at *2 (quoting *Realtime Data*, 2017 WL 3709095, at *3). No such relationship exists here.

Omni may attempt to rely on *NFC Tech.*, 2014 WL 3834959, at *2, to argue that joinder is proper because the defendants' products share "roughly equivalent hardware and software" used "the same way." But Magistrate Judge Payne's R&R in this case squarely rejected that argument. The Court held that *NFC Tech.* is "inapplicable, because there, the Defendants were directly using the same chip in 'roughly equivalent,' infringing, ways." Report & Recommendation, Dkt. No. 146, at 5. Here, by contrast, "[n]othing in Plaintiff's complaint alleges any meaningful connection beyond a user's ability to connect [a defendant's] devices to a generic Android or iOS smartphone." *Id.* The same is true of the claims against OnePlus: there is no shared technology—only incidental compatibility with ubiquitous smartphone platforms.

### 4. No Discovery Has Revealed Any Valid Connection or Nexus

Despite this litigation being well advanced—with fact discovery set to close on March 30, 2026, Third Am. Docket Control Order, Dkt. No. 145, at 2—no discovery has revealed any factual nexus between OnePlus and the other defendants that would support joinder. There is no evidence that OnePlus and the other defendants share any common technology, common components, or any collaborative relationship relevant to the accused products. There is simply no support that the infringement claims against the various defendants arise out of the same transaction or occurrence relating to the same accused product or process.

In sum, the claims against OnePlus should be severed from Plaintiff's claims against the other defendants in the instant action under Rule 21.

**B.      Ground 2: Continued Joinder Will Prejudice OnePlus and Warrants Severance Under Rule 20(b)**

Even assuming *arguendo* that joinder might technically be permissible, the Court should exercise its discretion to sever the claims against OnePlus under Rule 20(b), which authorizes separate trials "to protect a party against embarrassment, delay, expense, or other prejudice." Fed. R. Civ. P. 20(b); *see also* Fed. R. Civ. P. 42(b) (permitting separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize"). Three independent forms of prejudice compel severance here.

### 1.  *A Consolidated Trial Involving Seven Patents and Four Unrelated Defendants Will Confuse the Jury and Undermine Each Defendant's Defense*

The scope of a consolidated trial independently warrants severance. Omni asserts seven patents against multiple unrelated defendants, and its own P.R. 3-1 infringement contentions confirm that each defendant's accused system is entirely self-contained. OnePlus's "'Accused System' includes a OnePlus smartwatch, such as OnePlus Watch, OnePlus Watch 2, and OnePlus Watch 2R series watches . . . ; an Android OS smartphone or tablet, such as [OnePlus phones and tablets] . . . , and a cloud, such as OnePlus cloud service, which collectively provide a system for measuring one or more physiological parameters of a user." Ex. 18 to Omni's Mar. 12, 2025 Infringement Contentions, at n.1 (P.R. 3-1 Claim Chart for '304 Patent OnePlus). Samsung's accused system comprises Samsung watches, phones, and cloud services. *See*, *e.g.*, TAC ¶¶ 177–178. Fossil's and Oura's respective accused systems likewise consist of their own respective products and ecosystems. *See*, *e.g.*, *id.* at ¶¶ 190, 258, 302, 404. Each defendant's independently designed and sold products are without any collaboration with or reliance on technology from any other defendant.

To be sure, Omni's own contentions assert that a Samsung smartphone may be paired with a OnePlus wearable as part of the OnePlus "Accused System": "[s]martphones and tablets from various manufacturers, such as Samsung, and cloud-based services provided via OnePlus, may also be used as part of the Accused System." Ex. 18 to Omni's Mar. 12, 2025 Infringement Contentions, at n.1 (P.R. 3-1 Claim Chart for '304 Patent OnePlus). But this only underscores the point. The smartphone is a *generic, interchangeable platform*—any smartphone from any manufacturer will do. The allegation that a Samsung phone can be paired with a OnePlus smartwatch (or any other Bluetooth-enabled device on the market) does not reflect any collaboration, shared design, or commonly sourced technology between Samsung and OnePlus. It reflects nothing more than incidental compatibility with ubiquitous communications and electronic standards—precisely the type of connection that *Traxcell* held insufficient for joinder. 2019 WL 8137134, at *2; *see also* Report & Recommendation, Dkt. No. 146, at 5 ("[L]ike the accused smartphones in *Traxcell*, 'integration into a larger system' is an insufficient basis to support joinder.").

Omni also asserts different patent claims against different defendants. For example, against OnePlus, Omni asserts claims 7 and 9 of the '868 Patent, claim 12 of the '533 Patent, claims 8 and 9 of the '484 Patent, claims 11, 14–16, and 19–22 of the '304 Patent, claims 1–3, 8–10, and 15 of the '455 Patent, and claim 7 of the '790 Patent; against Samsung, overlapping but non-identical claim subsets; against Fossil, different subsets again; and against Oura, Omni does not even assert the '484, '455, or '790 Patents. P.R. 3-1 March 12, 2025 Infringement Contentions, at 2. A single jury would thus be required to evaluate distinct infringement theories across seven patents as applied to four unrelated product ecosystems—while simultaneously parsing each defendant's separate non-infringement and invalidity defenses for disparate claims, each supported by different

11

evidence and different expert testimony. The substantial risk that the jury would conflate the evidence applicable to one defendant with that of another would deprive OnePlus—and every other defendant—of a meaningful opportunity to present its defense. Severance eliminates this prejudice.

### 2. *Severance Serves Judicial Economy*

Severance would not waste judicial resources—it would conserve them. Separating the OnePlus claims would allow the claims against the remaining defendants to proceed to trial without the complications of OnePlus-specific discovery disputes, while permitting the OnePlus claims to be resolved on a schedule commensurate with their actual stage of development. The alternative—forcing all claims to trial on a single compressed timeline—risks last-minute continuances, incomplete records, and a confused jury, none of which serves the Court's interest in the efficient administration of justice.

In the event the Court determines that severance is warranted, OnePlus respectfully request the Court to allow the parties to propose a Docket Control Order to enter a new case schedule for the severed action, including new deadlines for fact and expert discovery, dispositive motions, and trial.

Alternatively, should the Court decline to sever, OnePlus respectfully requests that the Court allow the parties to propose an amended Docket Control Order in this action extending the deadlines for sixty (60) days that are applicable to the claims against OnePlus for fact and expert discovery, motion deadlines, pretrial deadlines, and trial.

### V.    CONCLUSION

For the foregoing reasons, OnePlus respectfully requests that the Court:

(1) Sever the claims against OnePlus from this action pursuant to 35 U.S.C. § 299 as well as Federal Rules of Civil Procedure 20(b) and 21; and in connection with any severance, allow the

parties to propose a Docket Control Order to enter a new case schedule for the severed action, including new deadlines for fact and expert discovery, dispositive motions, and trial; or

(2) As an alternative to severance, allow the parties to propose an amended Docket Control Order in this action extending the deadlines for sixty (60) days that are applicable to the claims against OnePlus for fact and expert discovery, motion deadlines, pretrial deadlines, and trial.

Dated:  March 26, 2026                    Respectfully submitted,

*/s/ Jack Shaw*
Jack Shaw
California State Bar No. 309382
jshaw@cjsjlaw.com
Brett Mangrum
State Bar No. 24065671
bmangrum@cjsjlaw.com
William D. Ellerman
State Bar No. 24007151
wellerman@cjsjlaw.com
Ari Rafilson
State Bar No. 24060456
arafilson@cjsjlaw.com
Shuya "Grace" Yang
State Bar No. 24144144
gyang@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PC**
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Phone: (254) 732-2242
Fax: (866) 627-3509

Greg Love
State Bar No. 24013060
glove@cjsjlaw.com
Of Counsel
**CHERRY JOHNSON SIEGMUND JAMES PC**
104 E. Houston Street, Suite 115
Marshall, Texas 75670
Phone: (903) 212-4444
Fax: (903) 392-2267

*ATTORNEYS FOR DEFENDANT*
*ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.*

13

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel complied with the meet-and-confer requirements of Local Rule CV-7(h) and that this motion is opposed.  On March 18, 2026 and March 24, 2026, counsel for Defendant and counsel for Plaintiff met and conferred via teleconferences.  For the reasons set forth in this motion, discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

By:  */s/ Jack Shaw*
Jack Shaw

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 26, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jack Shaw*
Jack Shaw

14