IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OMNI MEDSCI, INC.,<br><br>    *Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS, CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., FOSSIL GROUP, INC., FOSSIL STORES I, INC., FOSSIL PARTNERS, L.P., ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., and OURA HEALTH OY,<br><br>    *Defendants*. | CASE NO. 2:24-CV-01070-JRG-RSP<br><br>JURY TRIAL DEMANDED |

### DEFENDANT OURA HEALTH OY'S OPPOSED MOTION TO SUSPEND DEADLINES UNDER THE THIRD AMENDED DOCKET CONTROL ORDER

Defendant Oura Health Oy ("Oura") respectfully moves this Court for an order suspending all deadlines under the Third Amended Docket Control Order (Dkt. No. 80) ("DCO") as to Oura, pending the opening of the new civil action and entry of a new scheduling order in the severed case. By separate motion, Oura is requesting expedited briefing[1] because the next DCO deadline — service of expert witness disclosures for the party with the burden of proof — is due on April 6, 2026, just three days from the date of this filing. Despite the Court's Order severing Oura, Plaintiff appears unwilling to give any effect to that Order, insisting that Oura continue to comply with a DCO that no longer governs Oura's severed case. Continuing to force Oura to comply with the current DCO and serve opening expert reports in just three days would cause imminent,

---

[1] Oura recognized that this motion does not rise to the level generally required of an emergency motion in this Court. For this reason, Oura has not filed it as an emergency motion despite the imminence of the next DCO deadline, but Oura will be requesting an expedited briefing schedule by separate motion pursuant to CV-7(e).

1

substantial and irreparable prejudice to Oura because it would deprive Oura of the opportunity to consider how to present its now-independent infringement and invalidity defenses. Any such result is fundamentally unfair and prejudicial.

## I. INTRODUCTION

This Court has already determined that Oura was improperly joined in this action and ordered that Plaintiff's claims against Oura be severed into a new civil action. No new case has been opened. No new complaint has been filed. No new scheduling order exists. Yet Plaintiff insists that Oura remain bound by a schedule built for a seven-defendant case that the Court has determined should never have included Oura in the first place. That position is untenable. Severance fundamentally changed the posture of this litigation. Oura must now defend independently — without the benefit of coordinating with co-defendants on experts or trial strategy. Plaintiff's infringement theories, which rely in part on pointing to co-defendants' products to satisfy claim limitations, must now be prosecuted in a different procedural posture. And Oura is entitled to evaluate its own invalidity and non-infringement positions in light of these changed circumstances before being forced to serve expert reports. Courts have recognized that the scope of any action must remain "consistent with fairness to the parties," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966), and that improperly joined defendants must have "a meaningful opportunity to present individualized defenses," *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012). Holding Oura to deadlines designed for a case from which it has been severed would deny that opportunity and cause substantial prejudice. Good cause exists to suspend the DCO deadlines as to Oura, and the Court should grant this motion.

## II.    BACKGROUND

This is a patent infringement action in which Plaintiff Omni MedSci, Inc. ("Omni") accuses seven defendants, including Oura,[2] of infringing seven U.S. patents relating to measuring physiological information using optical measurement devices. On March 16, 2026, Magistrate Judge Payne issued a Report and Recommendation ("R&R") (Dkt. No. 146), recommending that Oura's Motion to Dismiss Plaintiff's Third Amended Complaint be granted as to improper joinder and otherwise denied. *Id.* at 7. The Court found that Plaintiff failed to establish the transaction-or-occurrence requirement of 35 U.S.C. § 299 because Oura's "smart ring" has no meaningful connection to the other Defendants' products beyond a user's ability to connect it to a generic Android or iOS smartphone. *Id*. at 5. The Court specifically held that "integration into a larger system" is an insufficient basis to support joinder and that Plaintiff "has not alleged any meaningful connection beyond a user's ability to connect Oura's devices to a generic Android or iOS smartphone." *Id*.

On the basis of these findings, the Court recommended that "Plaintiff's claims against Defendant Oura Health Oy be SEVERED from Plaintiff's claims against the other Defendants, and that a new civil action be opened by the Clerk for the severed claims." *Id.* at 7. The R&R further provides that "[w]ithin 20 days after the new action is opened (after any objections to this Report and Recommendation are resolved) Plaintiff will be ordered to file a new complaint against Oura Health Oy alone." *Id*.

On March 31, 2026, the District Court adopted the R&R in its entirety. Dkt. No. 163.

---

[2] Oura notes that only four of the seven asserted patents are asserted against Oura—highlighting yet another difference between the claims asserted against Oura and the other Defendants in this case.

3

Following the District Court's adoption of the R&R, Oura's counsel promptly reached out to Plaintiff's counsel to discuss a path forward on scheduling. In an email dated March 18, 2026 — even before the R&R was adopted — Oura proposed a framework for resolving the procedural uncertainty, including completing fact discovery under the current schedule and establishing an amended schedule for remaining deadlines pegged to the date Oura files its answer to the new complaint. Ex. 1 (Email Thread between Oura and Omni) at 3-4. Omni never responded to this proposal. On March 31, 2026, following the Court's adoption of the R&R, Oura's counsel again contacted Plaintiff's counsel and specifically proposed a joint motion to suspend the DCO deadlines as to Oura, effective immediately, pending entry of a new scheduling order in the severed case, reraise the previous offer. Ex. 1 at 3.

On April 1, 2026, Plaintiff's counsel responded to Oura's proposal, taking the position that "there is no ambiguity" regarding the current schedule and stating Omni's intention to file a motion to consolidate Oura's to-be-opened action with this case and maintain the current schedule. Ex. 1 at 2. Oura's counsel responded on April 1, 2026, explaining why Omni's cited cases are distinguishable, why consolidation would be inappropriate, and reiterating Oura's request for a joint motion to suspend the DCO deadlines. Ex. 1 at 1-2. Plaintiff refused to agree to a joint motion or otherwise engage on the scheduling issue. Ex. 1 at 1. Because the expert report deadline falls on April 6, 2026, Oura has no choice but to seek relief from this Court with expedited briefing.

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Good cause exists when the movant shows that, despite its diligence, the schedule cannot reasonably be met. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Courts in the Eastern District of Texas routinely modify scheduling orders where circumstances have materially changed. *See,.e.g., Fractus, S.A.*

*v. AT&T Mobility LLC*, Case No. 2:18-cv-00135-JRG, 2019 WL 5373197, at *1-2 (E.D. Tex. Aug. 20, 2019) (granting motion to amend the docket control order to extend expert deadlines, finding diligence and limited prejudice under a revised schedule).

## IV.     ARGUMENT

### A.  Good Cause Exists to Suspend the DCO Deadlines as to Oura

This Court has already determined that Oura was improperly joined in this action. *See* Dkt. Nos. 146, 163. The Court has recommended — and the District Court has adopted — that Oura's claims be severed into a new civil action. *Id*. No new action has yet been opened by the Clerk; no new complaint has been filed against Oura; and no new scheduling order governs the severed case. Under these circumstances, good cause plainly exists to suspend the DCO deadlines as to Oura.

#### 1.   The Court's Severance Order Fundamentally Changed Oura's Posture in This Litigation.

The entire basis for the current scheduling order was a multi-defendant case in which Plaintiff's claims against all seven defendants would proceed together. The Court has now determined that Oura should never have been joined in this action and has ordered that Oura's claims be separated into their own case. *Id.* The purpose of severance is to ensure "fundamental fairness" for defendants who have been improperly joined. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); *see also In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012) (holding that improperly joined defendants "will not have a meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages"). Continuing to apply the current DCO to Oura — a defendant the Court has already determined was improperly joined — would undermine the very purpose of the severance order and require compliance with a schedule that was designed for a multi-defendant case from which the Court has ordered Oura severed.

### 2. Compliance with the Current Deadlines Would Substantially Prejudice Oura.

Oura faces imminent and substantial prejudice if the current DCO deadlines remain in effect. The most pressing deadline is the service of expert witness disclosures for the party with the burden of proof, due April 6, 2026 — just three days from the date of this filing. *See* Dkt. No. 151. Oura would be prejudiced in the following specific ways:

**No new complaint has been filed**. The R&R contemplates that Plaintiff will file a new complaint against Oura alone within 20 days after the new action is opened. Dkt. No. 146 at 7. That new action has not yet been opened, let alone a new complaint filed. Until Oura receives and answers the new complaint, Oura cannot precisely ascertain the scope of the claims and theories it must defend against in the severed action. Requiring Oura to prepare expert reports in the absence of a new complaint — in a case the Court has determined should not have been joined in the first place — is fundamentally unfair.

**Oura's expert needs have fundamentally changed**. As a severed defendant, Oura must now have the opportunity to either engage new experts, separate from those retained by the other defendants, or at the very least evaluate different invalidity and non-infringement positions that reflect the unique posture of its case. To the extent Omni contends that Oura's invalidity case is already defined by the invalidity contentions Oura served in this multi-defendant action, that argument misapprehends the purpose and effect of severance. Those contentions were developed in the context of a coordinated, multi-defendant defense in which the defendants shared prior art searches, divided responsibilities among experts, and aligned their invalidity theories to avoid duplication. Now that Oura must proceed independently, it is entitled to reassess which invalidity grounds to pursue, which prior art references to prioritize, and whether to advance additional or different theories that may be uniquely suited to its own case. Invalidity contentions, moreover,

6

are not self-executing — they must be developed into expert opinions, supported by expert testimony, and presented in a manner that accounts for the particular infringement theories asserted against Oura standing alone. The fact that contentions have been served does not mean Oura has had the opportunity to develop them into expert reports tailored to the posture of the severed case. While Oura may ultimately adopt the same or similar positions as the other defendants, Oura should not be deprived of the opportunity to make that assessment independently. The current DCO deadlines — set with the expectation that defendants could coordinate — do not afford Oura this opportunity.

Severance materially changes the infringement theories against Oura. The severance of Oura from the other defendants — including Samsung — has significant implications for Plaintiff's infringement case. In the original multi-defendant action, Plaintiff's claims relied in part on pointing to other defendants' products, such as Samsung devices, to satisfy certain limitations of the asserted claims. Now that Oura has been severed and will proceed in its own case, these divided infringement theories will necessarily be handled very differently — Plaintiff will no longer be able to rely on a co-defendant's product in the same proceeding to fill gaps in its infringement case against Oura. This fundamental shift in the infringement landscape, requires Oura to reassess its defense strategy, including its expert positions, from the ground up. Forcing Oura to serve expert reports on the original timeline — before it has had any opportunity to evaluate these changed circumstances — would deny Oura a fair opportunity to mount its defense.

The patents and prior art have not changed, but the strategic posture has. Omni may also argue that no additional time is needed because the asserted patents, claims, and available prior art remain the same regardless of severance. But this argument conflates the substantive universe of prior art with the strategic decisions required to mount an effective defense. The question is not

7

merely whether prior art exists but how best to present it — which references to lead with, which combinations to advance, how to structure expert testimony, and how to frame the invalidity case in light of the specific infringement theories Omni will assert against Oura alone. These strategic determinations are materially affected by severance, particularly where, as here, the defendants had coordinated their invalidity positions and divided expert responsibilities. Oura is entitled to a reasonable period to make these assessments independently before being required to serve expert reports.

Omni may argue that had it filed separate actions against each defendant at the outset, the Court would have consolidated those cases for pretrial purposes, and all defendants would therefore be on the same schedule regardless. But, the Court often recognizes that the changed circumstances that result in a severance may require modification to the DCO even in scenarios where cases are consolidated. *Cf. Harris Corp. v. Huawei Devices USA, Inc.*, 2:18-cv-439-JRG, 2019 WL 8135570 (E.D. Tex. June 12, 2019). Omni's argument does not address the new posture of the case. When claims are filed separately and then consolidated for pretrial efficiency, each defendant enters the litigation with the understanding that it will ultimately proceed to trial on its own, and each defendant prepares accordingly from the start. Here, by contrast, Oura was improperly joined in a single action with six other defendants and had every reason to believe — until the Court's recent severance ruling — that it would proceed to trial alongside those co-defendants. Omni's argument effectively asks this Court to hold that joinder did not matter — that Oura should have been preparing for two entirely different cases all along, one consolidated and one independent, without knowing which posture would ultimately govern at trial. That is not a reasonable expectation, and it is not what the law requires. The severance has materially changed the case, and Oura is entitled to a reasonable opportunity to adjust its defense accordingly.

8

### 3. Omni's Cited Cases Are Distinguishable and Do Not Support Maintaining the Current Schedule.

In opposing Oura's request for relief, Omni cited cases in which this Court consolidated related cases with a unified schedule: *MR Licensing LLC v. Renesas Elecs. Corp.*, No. 2:25-cv-00441-JRG (E.D. Tex. July 30, 2025); *VARTA Microbattery GmbH v. Audio Partnership LLC*, No. 2:21-cv-00400-JRG-RSP (E.D. Tex. Feb. 12, 2022); *Maxell, Ltd. v. Huawei Device USA, Inc.,* No. 5:18-cv-00033-RWS (E.D. Tex. Aug. 29, 2018); and *Emerging Automotive LLC v. Kia Corp.*, No. 2:23-cv-00437-JRG (E.D. Tex. Dec. 13, 2023).

These cases are distinguishable, however, because they involved consolidation of related cases that were filed separately from the outset or involved overlapping parties and issues that warranted unified treatment. Here, the opposite has occurred: the Court has already found that Oura was improperly joined with the other defendants because Plaintiff failed to establish the transaction-or-occurrence requirement of 35 U.S.C. § 299. Dkt. No. 146. The Court specifically found that Oura's products have no meaningful connection to the other Defendants' products and that Plaintiff "has not alleged any other connection between Oura and other Defendants." *Id.* at. 5.

The Federal Circuit's decision in *In re EMC Corp.* confirms this principle. There, the court granted mandamus to correct improper joinder of unrelated defendants in a patent case, explaining that "[e]ach defendant has simply been thrown into a mass pit with others to suit plaintiff's convenience." 677 F.3d at 1355 (quoting *WiAV Networks, LLC v. 3Com Corp.*, No. C 10-03448, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010)). As the Supreme Court has instructed, the scope of any action must remain "consistent with fairness to the parties." *Gibbs*, 383 U.S. at 724. The same concern applies here with even greater force: the Court has already found that Oura was improperly joined, and reconsolidating the severed case — or maintaining the same schedule — would effectively reverse the Court's own ruling and rejoin claims it has already determined do

not belong together. It would deprive Oura of the very individualized defense that the severance order was designed to protect.

### 4.  Suspending the Deadlines Will Not Prejudice Omni.

Temporarily suspending the DCO deadlines as to Oura will not affect the remaining defendants' obligations or delay the main action in any way. The remaining six defendants will continue to proceed under the current schedule. Omni, meanwhile, has been directed to file a new complaint against Oura alone, and a new scheduling order in the severed action will ensure that the case proceeds on a fair and orderly timeline. Moreover, in its proposed schedule during the meet and confer process, Oura proposed a schedule that would peg the new dates off of Oura's answer to the complaint, which would amount to only a modest delay as compared to the current schedule.

### B.  Oura Has Been Diligent in Seeking Relief

Oura has acted with diligence in raising this issue. Even before the R&R was adopted, Oura's counsel proposed a scheduling framework to Plaintiff's counsel on March 18, 2026. Ex. 1 at 3-4. On March 31, 2026 — the same day the District Court adopted the R&R — Oura's counsel again wrote to Plaintiff's counsel proposing a joint motion to suspend the DCO deadlines. Ex. 1 at 3. On April 1, 2026, Plaintiff refused, stating its intention to move for consolidation. Ex. 1 at 2. That same day, Oura's counsel responded, explaining its position and reiterating the request for a joint motion. Ex. 1 at 1-2. The parties meet and conferred on April 3, 2026, and reaching an impasse, Oura promptly filed this motion. Having exhausted efforts to resolve this matter by agreement, Oura now turns to the Court for relief.

## V.    CONCLUSION

For the foregoing reasons, Oura respectfully requests that the Court enter an order suspending all deadlines under the Third Amended Docket Control Order (Dkt. No. 80) as to Oura,

effective immediately, pending the opening of the new civil action and entry of a new scheduling order in the severed case.

Dated: April 3, 2026                                By:    */s/ Shaun W. Hassett with permission for*
                                                          *James A. Fussell, III*
                                                          James A. Fussell, III
                                                          Jasjit S. Vidwan (*pro hac vice*)
                                                          Amanda E. Stephenson
                                                          Angeline L. Premraj
                                                          Paul Choi (*pro hac vice*)
                                                          **MAYER BROWN LLP**
                                                          1999 K Street, NW
                                                          Washington, DC 20006-1101
                                                          Tel: 202-263-3000
                                                          jfussell@mayerbrown.com
                                                          jvidwan@mayerbrown.com
                                                          astephenson@mayerbrown.com
                                                          apremraj@mayerbrown.com
                                                          pchoi@mayerbrown.com
                                                          Oura-Omni@mayerbrown.com

                                                          Robert G. Pluta
                                                          **MAYER BROWN LLP**
                                                          71 South Wacker Drive
                                                          Chicago, IL 60606
                                                          Tel: 312-701-8641
                                                          rpluta@mayerbrown.com
                                                          Oura-Omni@mayerbrown.com

                                                          Shaun W. Hassett
                                                          **POTTER MINTON**
                                                          102 North College, Suite 900
                                                          Tyler, TX 75702
                                                          903-525-2272
                                                          shaunhassett@potterminton.com

                                                          ***Attorneys for Defendant Oura Health Oy***

11

## CERTIFICATE OF CONFERENCE

Undersigned counsel conferred with counsel for Omni regarding the relief sought in this Motion on April 3, 2026. On March 31, 2026, Oura's counsel proposed a joint motion to suspend the DCO deadlines as to Oura. On April 1, 2026, Plaintiff's counsel responded, declining to agree and stating Omni's intention to file a motion to consolidate. On April 2, 2026, Oura's counsel again requested agreement and explained the basis for Oura's position. Plaintiff refused to agree to the relief sought in this Motion. Oura is therefore filing this Motion without Plaintiff's consent.

By: _/s/ James A. Fussell, III_
James A. Fussell, III

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on April 3, 2026.

By: _/s/ Shaun W. Hassett_
Shaun W. Hassett