**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OMNI MEDSCI, INC., | |
| **Plaintiff,** | |
| v. | |
| SAMSUNG ELECTRONICS, CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., FOSSIL GROUP, INC., FOSSIL STORES I, INC., FOSSIL PARTNERS, L.P., ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., and ŌURA HEALTH OY, | NO. 2:24-CV-01070-JRG-RSP  **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**OMNI MEDSCI'S OPPOSITION TO ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.'S MOTION TO SEVER THE CLAIMS AGAINST IT**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...............................................................................................1

II.     ARGUMENT.....................................................................................................2

        A. OnePlus Has Waived Its Joinder Objection ...................................................2

        B. OnePlus' Appeal to Rule 20(b) Should Be Rejected ..................................... 6

        C. In the Alternative, Any Severed Case Should Be Consolidated for Pretrial Purposes... 8

III.    CONCLUSION..................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aquapaw Brands LLC v. Pusifica*,
  No. 23-CV-538, 2025 WL 2318385 (W.D. Pa. Aug. 12, 2025)...........................................3, 4

*Beechgrove Redevelopment, L.L.C. v.*
*Carter & Sons Plumbing, Heating & Air Conditioning, Inc.*,
  No. CIV.A. 07-8446, 2009 WL 382713, at *7 (E.D. La. Feb. 11, 2009) .................................6

*Chrimar Sys., Inc. v. ADTRAN, Inc.*,
  No. 6:15-CV-618, 2016 WL 11746529, at *2 (E.D. Tex. Oct. 25, 2016) ...........................2, 3

*Dali Wireless, Inc. v. AT&T Corp.*,
  No. 2:22-CV-0012-RWS-RSP, 2023 WL 2898423 (E.D. Tex. Apr. 8, 2023) .........................8

*In re Micron Tech., Inc.*,
  875 F.3d 1091 (Fed. Cir. 2017)...................................................................................3, 4, 5

*Intell. Ventures II LLC v. FedEx Corp.*,
  No. 2:16-CV-00980-JRG, 2017 WL 5630023, at *4 (E.D. Tex. Nov. 22, 2017 ......................4

*Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*,
  No. 2:22-CV-00469-JRG, 2024 WL 1149223 (E.D. Tex. Mar. 15, 2024)...............................7

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
  287 F. Supp. 3d 651, 657 n.13 (E.D. Tex. 2018) ...................................................................2

**Statutes**

35 U.S.C. § 299.......................................................................................................1, 2, 3, 4. 5

**Rules**

*Federal Rule of Civil Procedure* Rule 20(b)...............................................................................1, 6

## I.    INTRODUCTION

Plaintiff Omni MedSci, Inc. ("Omni") respectfully opposes Defendant OnePlus Technology (Shenzhen) Co., Ltd.'s ("OnePlus") Motion to Sever the Claims Against It (Dkt. 156) ("Motion").  In its Motion, OnePlus makes two arguments for severance: (1) that it is improperly joined under 35 U.S.C. § 299 and (2) severance is, alternatively, called for under Federal Rule of Civil Procedure 20(b).  Both arguments fail.

First, OnePlus waived its objection under 35 U.S.C. § 299. OnePlus sat on its joinder objection for the better part of a year, watching from the sidelines as co-defendant Oura litigated precisely the same issue, and chose to say nothing. It did not file its own motion. It did not join or support Oura's. It participated in joint discovery, claim construction, and scheduling without once raising an objection to the structure of this case. Only after Judge Payne issued a Report and Recommendation on March 15, 2026, finding Oura improperly joined (subsequently adopted in full on March 31, 2026 at Dkt. 163) did OnePlus discover its purported objection, filing its motion a mere eleven days after the R&R issued and candidly admitting it was "compelled by" the R&R. This is not the diligent assertion of a right. It is, instead, a waiver of under § 299(c).

Second, severance of Omni's claims against OnePlus will lead to judicial inefficiency, which is exactly the result Rule 20(b) is meant to avoid.  OnePlus filed its Motion on March 26, 2026, which was four days before fact discovery closed, days before expert disclosures were due, and less than five months before jury selection. OnePlus's own Motion confirms the disruption: it asks this Court either to enter an entirely new docket control order or to extend all deadlines by sixty days. The Court should not permit OnePlus to engineer such disruption through its own strategic delay.  Further, one jury trial is less expensive and less time consuming than two. OnePlus' claims that the jury will be "confuse[d]" by the presence of more than one defendant in

1

the courtroom is overblown and does not approach justifying the cost associated with having related parallel cases.

## II.    ARGUMENT

### A.    OnePlus Has Waived Its Objection Under § 299

The Court should deny OnePlus's motion at the threshold because OnePlus has waived its right to challenge joinder under 35 U.S.C. § 299.  This conclusion follows from the statute's text, from the well-developed law governing waiver of analogous procedural defenses in patent cases, and from OnePlus's own litigation conduct — which represents perhaps the clearest case for § 299 waiver that has yet come before this or any court.

#### 1.    Section 299(c) Expressly Permits Waiver of Joinder Objections

Congress did not merely fail to prohibit waiver of § 299's joinder protections—it affirmatively authorized it: "A party that is an accused infringer may waive the limitations set forth in this section with respect to that party."  35 U.S.C. § 299(c).  Congress' decision to write waiver directly into § 299 reflects a deliberate policy decision: The joinder restrictions exist to protect accused infringers, and an accused infringer that chooses not to invoke those protections—whether expressly or through conduct—should not be permitted to weaponize them later as a tactical device. *See Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 287 F. Supp. 3d 651, 657 n.13 (E.D. Tex. 2018) ("[E]ven if § 299 applied in this case, the intervenors waived their 'misjoinder' defense by voluntarily intervening in this case.").

This Court has found waiver under § 299(c) under circumstances similar to those present here. *See Chrimar Sys., Inc. v. ADTRAN, Inc.*, No. 6:15-CV-618, 2016 WL 11746529, at *2 (E.D. Tex. Oct. 25, 2016).  In *Chrimar*, the Court found waiver when two defendants, Aerohive and Dell, moved to sever two months before trial. *Id*.  Facts this Court found significant included Aerohive's and Dell's "cooperation and joint defense in this action for the past sixteen months."

2

*Id.* Here, OnePlus answered on September 18, 2025 (Dkt. No. 100) and has been actively litigating for more than six months. The cooperation between OnePlus and the other defendants is apparent. OnePlus served invalidity contentions that were effectively identical to other defendants' contentions and has joined in a motion seeking leave to supplement those contentions. *See* Dkt. No. 153. The Defendants filed a single Responsive Claim Construction Brief. Dkt. No. 116. Defendants jointly filed a motion to stay (Dkt. No 123) which was based on the Defendants' concerted efforts in filing post-grant proceedings. The Defendants jointly served an invalidity expert report. Further, the time to trial here (four months) is materially the same as the time to trial in *Chrimar* (two months). *See Chrimar*, No. 6:15-CV-618, 2016 WL 11746529, at *1.

This conclusion coheres with the conclusion of another district court. In *Aquapaw Brands*, the court addressed § 299 directly, holding that defendants who failed to appear to contest joinder had "likely waived any challenge to joinder they may have been able to mount." *Aquapaw Brands LLC v. Pusifica*, No. 23-CV-538, 2025 WL 2318385, at *3 (W.D. Pa. Aug. 12, 2025).

The reasoning of *Chrimar* and *Aquapaw Brands* apply here and leads to a finding of waiver.

2.    <u>This Court Should Hold that Actively Litigating a Case Waives a § 299 Objection</u>

Although § 299(c)'s waiver provision has not been extensively construed, the question of how litigation conduct effects waiver under the statute is not difficult. The principles applicable to waiver of other procedural defenses in patent cases should be appealed to. These principles have been elaborated by the Federal Circuit in the analogous context of venue. In *In re Micron Tech., Inc.*, 875 F.3d 1091 at 1100–02 (Fed. Cir. 2017), the Federal Circuit held that an improper venue defense may be forfeited based upon non-rule-based waiver. *Id.* The Federal Circuit explained that non-rule-based waiver is intended to prevent defendants from engaging in "tactical wait-and-see" approach or gamesmanship and improper "circumvent[ion]" of rights granted by

3

statute or Rule. *Id*. Factors relevant to this analysis include (1) the sheer time from when the defense becomes available to when it is asserted, (2) closeness of the trial date, and (3) judicial efficiency. *Id*. at 1102. *See also Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 5630023, at *4 (E.D. Tex. Nov. 22, 2017) (citing *Micron* to conclude "that Defendants' venue objection has been waived based on their own conduct, the judicial resources already expended in this case by the Court, the prejudice to the Plaintiff in reopening a dormant venue dispute simply because it has become convenient for Defendants to litigate the issue now, and in light of all of these considerations taken together.").

The instant case presents an opportunity — and on these facts, a straightforward one — for this Court to hold expressly what *Micron* implied:  that a defendant who for months fails to assert an objection under § 299 despite a co-defendant fully briefing that exact issue and waits to file only when its co-defendant prevails waives its objections.  This is precisely the "tactical wait-and-see" approach the Federal Circuit sought to negate.

### 3.    The *Micron* Factors All Favor a Finding of Waiver

First, OnePlus's objection was available at the moment it appeared in this case, and its Motion is, therefore, maximally untimely.  OnePlus has actively litigated this case for months, participating in discovery, claim construction, and scheduling, all without raising any objection to joinder. It watched as Oura briefed the identical issue, and OnePlus said nothing.  Instead, OnePlus waited only after the Court issued its R&R. If defendants who never appeared at all can waive their § 299 rights, *see Aquapaw Brands*, then a defendant that affirmatively litigates in a consolidated posture for over a year without objection has *a fortiori* waived them.

OnePlus attempts to distinguish its situation by noting it "entered into this case six months after the other defendants."  Mot. at p. 6. That observation does not help OnePlus—it hurts it.

4

OnePlus joined the case after Oura had already been named as a defendant on the same joinder theory. The joinder issue was thus visible to OnePlus from its first day in the litigation. More critically, Oura filed its joinder objection while this case was proceeding, and OnePlus sat back and watched as it was decided—a process that gave it every opportunity to file its own motion or seek to join Oura's. Instead, OnePlus continued to participate in joint discovery and coordinated scheduling without a word of objection. The conscious decision to remain silent while the issue was actively litigated by a co-defendant is not an oversight. It is a choice, and § 299(c) permits courts to hold defendants to the choices they make.

Second, this case is on the eve of trial. Fact discovery closed March 30, 2026. Expert reports have been served. Dispositive motions are due in five weeks. Jury selection is four months away. The *Micron* framework treats proximity to trial as a significant factor because the disruption caused by a late-raised defense compounds exponentially as trial approaches. OnePlus filed its motion four days before fact discovery closed. If that timing does not satisfy the "closeness to trial" factor, nothing would.

Third, granting the motion would severely undermine judicial efficiency. This Court has invested substantial resources in managing a coordinated multi-defendant proceeding: joint scheduling, coordinated discovery, joint claim construction, and a carefully calibrated Docket Control Order (Dkt. No. 151) entered just one week before OnePlus filed its motion. Severing OnePlus now would not merely inconvenience the parties—it would require this Court to manage a parallel proceeding arising from the same patent portfolio, with duplicative motion practice, duplicative expert proceedings, and potentially duplicative trials. OnePlus's own motion acknowledges this by requesting either an entirely new docket control order or a sixty-day extension of all deadlines. That is not efficiency—it is the inverse of it.

**B.      OnePlus' Appeal to Rule 20(b) Should Be Rejected**

OnePlus argues that Rule 20(b) justifies its requests for a severance.  This is incorrect. Rule 20(b) is meant to avoid judicial inefficiency but, as shown below, OnePlus' requested severance would create just that.  *See Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating & Air Conditioning, Inc.*, No. CIV.A. 07-8446, 2009 WL 382713, at *7 (E.D. La. Feb. 11, 2009) ("[T]he Court finds . . . that a severance would not promote judicial efficiency, and would actually increase costs, delay, and prejudice to the parties, which is the very result Rule 20(b) severances seek to avoid.").

### 1.      The Case Is on the Eve of Trial

The procedural posture of this case makes severance untenable. The Third Amended Docket Control Order, entered just one week before OnePlus filed its motion, establishes the following schedule: fact discovery closed March 30, 2026; expert discovery closes May 11, 2026; dispositive motions are due May 14, 2026; motions *in limine* are due June 22, 2026; pretrial conference is set for July 13, 2026; and jury selection is scheduled for August 17, 2026.  Dkt. No. 151. This timeline underscores how disruptive severance would be.

### 2.      OnePlus's Own Requested Relief Confirms the Disruption

OnePlus does not even attempt to argue that severance could be accomplished without disruption. On the contrary, its motion asks the Court either to "enter a new case schedule for the severed action, including new deadlines for fact and expert discovery, dispositive motions, and trial" (Mot. at 12) or, alternatively, to extend all deadlines applicable to OnePlus by sixty days (Mot. at 12). This is a candid admission that severance at this stage would require resetting the entire schedule. If severance could be accomplished without disruption, OnePlus would not need new deadlines.

6

3.    Severance Would Force Duplicative Proceedings and Waste Resources

Courts in this District have consistently recognized the prejudice caused by late-stage severance. In *Polaris*, the court denied a motion to sever and stay, finding that severance would result in "the inefficient duplication of this case, including much of the work and expense of the parties, as well as the efforts to be expended by the Court." *Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:22-CV-00469-JRG, 2024 WL 1149223, at *5 (E.D. Tex. Mar. 15, 2024). The court squarely rejected the defendant's argument that the case was "already divided into two essentially separate cases," reasoning that "[m]any cases before this Court contain allegations spanning different patents, technologies, and parties. In such cases, it is often most efficient to resolve the diverse allegations together in the same action instead of creating numerous distinct cases for every different accused technology, patent, or party." *Id.* at *6.

The *Polaris* analysis applies with even greater force here. This case is further advanced than *Polaris*, as set forth above, and OnePlus does not even dispute that severance would require resetting the schedule—it asks for exactly that.

OnePlus argues that continued joinder will prejudice it because a consolidated trial involving seven patents and unrelated defendants will confuse the jury and force it to trial "on an incomplete record." But the complexity OnePlus identifies is routine in multi-defendant patent cases in this District, and it is readily manageable through standard trial procedures. The incremental complexity arising from joinder is vastly preferable to the massive inefficiency of duplicative proceedings that severance would create. OnePlus chose to litigate in this consolidated posture for over a year without complaint and with the full benefit of the inherent efficiencies thereof; it cannot now invoke alleged complexity as grounds for severance.

7

4.    OnePlus Cannot Manufacture Urgency Through Its Own Delay

OnePlus frames the schedule as a reason for urgency, arguing that the joinder issue must be "resolv[ed] now, before the parties invest additional time and resources in preparing for a consolidated trial" (Mot. at 3). The response is straightforward: the time to resolve the joinder issue was a year ago, when Oura raised it and OnePlus chose silence. OnePlus cannot create urgency through its own delay and then cite that urgency as a reason for the Court to disrupt the schedule on the eve of trial.

**C.    In the Alternative, Any Severed Case Should Be Consolidated for Pretrial Purposes**

Should the Court be inclined to sever, Omni respectfully requests that any severed case be consolidated with the remaining case for pretrial purposes. Consolidation would preserve the efficiencies already gained through joint claim construction, coordinated discovery, and common expert work, while allowing the Court to manage trial-specific issues separately if needed. In *Dali Wireless*, the court severed the case into two actions but consolidated them for pretrial purposes pursuant to a stipulation between the parties, preserving the existing schedule while addressing joinder concerns—a model that would serve the same interests here. *Dali Wireless, Inc. v. AT&T Corp.*, No. 2:22-CV-0012-RWS-RSP, 2023 WL 2898423, at *1 (E.D. Tex. Apr. 8, 2023). Specifically, Omni requests that any order of severance include the following conditions:

(a)    The severed case shall retain and be bound by all existing claim construction rulings entered in this action;

(b)    The severed case shall proceed under the existing Third Amended Docket Control Order deadlines to the maximum extent practicable;

(c)    OnePlus shall not be permitted to reopen or extend fact discovery, or re-depose any witness;

(d)　　All existing discovery rulings, protective orders, and stipulations shall apply with full force in the severed action; and

(e)　　The severed case shall be coordinated with the remaining case for all pretrial proceedings, with a single pretrial conference where practicable.

These conditions would ensure that severance, if ordered, does not become the schedule reset that OnePlus's own motion requests, and that OnePlus is not rewarded with a do-over of proceedings that have been long underway.

## III.　CONCLUSION

OnePlus waived its joinder objection. Its Motion is untimely and would cause massive disruption on the eve of trial. The Court should deny OnePlus's Motion to Sever. Should the Court nonetheless sever the claims against OnePlus, Omni requests consolidation for pretrial purposes. What OnePlus seeks is not the diligent assertion of a right. It is a reward for strategic delay, and the Court should decline to grant it.

Date: April 9, 2026

*/s/ Daniel S. Stringfield w/ permission*
*William E. Davis, III*
Daniel S. Stringfield
William E. Davis III
Texas Bar No. 24047416
bdavis@davisfirm.com
Ty Wilson
Texas Bar No. 24106583
twilson@davisfirm.com
**DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, TX 75601
Tel: (903) 230-9090
Fax: (903) 230-9661

Daniel S. Stringfield (Admitted E.D. Tex.)
Illinois Bar No. 6293893
dstringfield@nixonpeabody.com
Timothy P. Maloney (Admitted E.D. Tex.)
Illinois Bar No. 6216483
tmaloney@nixonpeabody.com

9

Matthew A. Werber (Admitted E.D. Tex.)
Illinois Bar No. 6287658
mwerber@nixonpeabody.com
Karl R. Fink (Admitted E.D. Tex.)
Illinois Bar No. 6180508
krfink@nixonpeabody.com
Michael Gray
Texas Bar No. 24094385
mgray@nixonpeabody.com
Daniel D. Georgiev (Admitted E.D. Tex.)
Illinois Bar No. 6326950
Texas Bar No. 24136166
dgeorgiev@nixonpeabody.com
Peter Krusiewicz (Admitted E.D. Tex.)
Illinois Bar No. 6342444
pkrusiewicz@nixonpeabody.com
Alvaro Cure Dominguez (Admitted E.D. Tex.)
Illinois Bar No. 6343312
acuredominguez@nixonpeabody.com
**NIXON PEABODY LLP**
70 West Madison
Suite 5200
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

Elizabeth M. Chiaviello (Admitted E.D. Tex.)
Texas Bar No. 24088913*
echiaviello@nixonpeabody.com
Benjamin R. Holt (Admitted E.D. Tex.)
D.C. Bar No. 1048285
bholt@nixonpeabody.com
**NIXON PEABODY LLP**
799 9th Street NW
Suite 500
Washington, D.C. 20001
Tel: (202) 585-8000
Fax: (202) 585-8080
* Admitted to practice only in Texas; supervised
  by a member of the firm who is admitted to the
  D.C. Bar.

Nicholas Choi (Admitted E.D. Tex.)
New York Bar No. 5811492
nchoi@nixonpeabody.com
**NIXON PEABODY LLP**

10

Tower 46, 55 West 46th St.
New York, NY 10036
Tel: (212) 940-3000
Fax: (212) 940-3111
Taylor Pfeifer (Admitted E.D. Tex.)
California Bar No. 334181
tpfeifer@nixonpeabody.com
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
Tel: (213) 629-6000
Fax: (213) 629-6001

Alec M. Royka (Admitted E.D. Tex.)
Virginia Bar No. 95,959
aroyka@nixonpeabody.com
**NIXON PEABODY LLP**
677 Broadway, 10th Floor
Albany, NY 12207
Tel: (518) 427-2655
Fax: (833) 834-7265

***Attorneys for Plaintiff Omni MedSci, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served via electronic mail on April 9, 2026 to all opposing counsel of record.

*/s/ William E. Davis, III*
William E. Davis, III

11