**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| OMNI MEDSCI, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:24-cv-01070-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., FOSSIL GROUP, INC., FOSSIL | § | |
| STORES I, INC., FOSSIL PARTNERS, L.P., | § | |
| ONEPLUS TECHNOLOGY (SHENZHEN) | § | |
| CO., LTD., ŌURA HEALTH OY, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF OMNI MEDSCI, INC.'S CROSS-MOTION
FOR CONSOLIDATION AND OPPOSITION TO
DEFENDANT ŌURA HEALTH OY'S OPPOSED MOTION TO SUSPEND DEADLINES**

## I.      INTRODUCTION

Plaintiff Omni MedSci, Inc. ("Omni") files this Cross-Motion for Consolidation and Opposition to Defendant Ōura Health Oy's ("Ōura") Opposed Motion to Suspend Deadlines Under the Third Amended Docket Control Order (Dkt. 165). This Court's severance Order (Dkt. 163) did not vacate or suspend the deadlines established under the Third Amended Docket Control Order (Dkt. 151). Nothing prevents Ōura from continuing to meet those deadlines, and indeed Ōura has been doing so. Ōura makes no showing that severance excuses it from complying with an operative schedule or that severance provides it with an opportunity to devise new defensive strategies after the close of discovery.

Ōura failed to demonstrate any concrete need for additional time. Ōura has disclosed that it intends to use the same invalidity expert as the other Defendants, has not articulated any invalidity positions distinct from those of the other Defendants, and has acknowledged the benefits of coordinating with the other Defendants. Under these circumstances, nothing justifies suspending the existing schedule. Moreover, suspension of the schedule at this stage and permitting Ōura to state new contentions, disclose new experts and expert reports, and delay this action would be highly prejudicial and unfair to Omni.

Further, the Court should grant Omni's cross-motion for consolidation. Every patent asserted against Ōura is asserted against the other Defendants.  This Court routinely consolidates cases involving the same patents and common fact questions. Consolidation would promote judicial economy, avoid inconsistent rulings, and reflect the reality of how this litigation has been conducted to date.

Accordingly, Ōura's Motion should be denied, and the Court should grant Omni's Cross-Motion to Consolidate.

## II.    BACKGROUND

This Court entered its Report and Recommendation ("R&R") recommending severance of the claims against Ōura from the claims against the other Defendants, Samsung Electronics, Co. Ltd., Samsung Electronics America, Inc., Fossil Group, Inc., Fossil Stores I, Inc., Fossil Partners. L.P. and OnePlus Technology (Shenzhen) Co., Ltd.  The R&R did not set aside the deadlines against Ōura, nor did it set a timeline for when a new severed case would be opened.

Following entry of that R&R, the parties engaged in multiple meet and confers regarding the effect of severance, the continued applicability of the existing schedule and the potential for consolidation.  Throughout the meet and confer process, Ōura did not indicate that it would definitively need its own invalidity expert. *See e.g.*, Ex. A at 1. Indeed, on March 26, 2026, after the R&R was entered, Ōura disclosed that it would use the same invalidity expert as the other Defendants and agreed that it would comply with the Court's March 30, 2026 close of fact discovery deadline. Ōura also did not indicate that it was contemplating—or might contemplate—any invalidity positions different from those of the remaining Defendants. Ex. A at 1. Notably, Ōura had already retained its own non-infringement and damages experts, demonstrating that where Ōura determined it needed case-specific expertise, it obtained such experts independently.

Ōura conceded that participating in a joint defense and coordinating with the other Defendants is a "benefit." Ex. A at 1. During the telephonic meet and confer on Omni's Cross-Motion, Ōura also did not disagree that this Court routinely consolidates cases involving the same patents.

## III.    ARGUMENT

### A.    This Court Should Consolidate Ōura with the Other Defendants.

Ōura does not and cannot disagree that this Court routinely consolidates cases where a

2

plaintiff asserts the same patents against multiple defendants. *See, e.g.*, *MR Licensing LLC v. Renesas Elecs. Corp.*, No. 2:25-cv-00441-JRG, Dkt. 14 (E.D. Tex. July 30, 2025) (consolidating severed claims *sua sponte*); *VARTA Microbattery GmbH v. Audio Partnership LLC*, No. 2:21-cv-00400-JRG-RSP (Lead), Dkt. 13 (E.D. Tex. Feb. 12, 2022) (consolidating related patent infringement actions); *Maxell, Ltd. v. Huawei Device USA, Inc.*, No. 5:18-cv-00033-RWS, Dkt. 28; *Emerging Automotive LLC v. Kia Corp.*, No. 2:23-cv-00437-JRG (E.D. Tex. Dec. 13, 2023). "Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'" *Luera v. M/V Albeta*, 635 F.3d 181, 194 (5th Cir. 2011); *see also In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) (noting courts have "considerable discretion" in applying Rule 42). This Court has recognized that related patent cases "by their nature, involve common issues of law or fact, including claim construction and validity," and that consolidating such cases "promotes efficient case management." *Maxell, Ltd. v. Huawei Device USA, Inc.*, No. 5:18-cv-00033-RWS, Dkt. 28, at 1–2 (E.D. Tex. Aug. 29, 2018).

All relevant factors favor consolidation here. All patents asserted against Ōura are asserted against the other Defendants. *See* Dkt. 1, 25, 57, 80. The claims asserted against all Defendants involve common questions of claim construction (*see* Dkt. 112–16, 121–22), validity, and substantially overlapping discovery. Consolidation would conserve resources by avoiding duplicative proceedings and eliminate the risk of inconsistent rulings on identical patent issues. Ōura would suffer no prejudice—to the contrary, Ōura has conceded that coordinating with the other Defendants through a joint defense is a "benefit." (Mot. at 2; Ex. A at 1.) Maintaining separate proceedings would undermine that coordination and burden the Court with duplicative case management.

Ōura contends that the cases cited above are distinguishable because the courts

3

consolidated those cases from the outset. (Mot. at 9; Ex. A at 1.) This distinction is immaterial. Even though the claims against Ōura and the other Defendants initially proceeded together through a joinder argument rather than consolidation, the case has moved forward in an identical fashion as if the Court had consolidated it. The parties have engaged in coordinated discovery, Ōura has utilized the same invalidity expert as the other Defendants, and the Court has managed the case under a unified schedule. Formalizing this arrangement through consolidation would simply reflect the reality of how this litigation has been conducted to date. Further, consolidation would cure Ōura's claimed concern that it "must now defend independently-without the benefit of coordinating with co-defendants on experts or trial strategy." (Mot. at 2.)  Similarly, consolidation would minimize the prejudice to Omni and the added burden on the Court that would result from setting a separate and slower track for Ōura. A separate and slower track for Oura would multiply proceedings and require much greater expenditure of time and resources of Omni and the Court. Consolidation would minimize that prejudice to Omni and conserve the time and resources of the Court.

## IV.    Ōura Has Not Demonstrated Good Cause for Additional Time

Ōura fails to articulate any concrete basis—much less good cause—for suspending the existing deadlines.  Ōura contends that a separate schedule may be needed because "[s]everance materially changes" the infringement and invalidity theories in this case and answering a complaint allows it to "potentially raise threshold defenses. Mot. at 7; Dkt. 165-2 at 1.  It does not.  Each Defendant already has its own non-infringement and damages experts, and has independently responded to discovery requests, which allow them to assert "individualized defenses."  See Mot. at 2.  If Ōura or the other Defendants were dissatisfied with the joint defense arrangement, each of them were free to go it alone and make "assessment[s] independently" (Mot. at 7), but they chose

to proceed as a consolidated defense group and can continue to do after severance and consolidation.

During the meet and confers, Ōura could not state—and even in its motion does not state—that it would definitively need its own invalidity expert. Ex. A at 1. To the contrary, on March 26, 2026—after this Court had already entered its R&R recommending severance—Ōura disclosed that it would rely on the same invalidity expert as the other Defendants. Although Ōura included a disclaimer that its disclosure was "subject to" this Court severing its case, Ōura was already aware at the time of its disclosure that this Court had recommended severance. Moreover, nothing in this Court's case management Orders (Dkts. 50, 51, 155) prevented Ōura from retaining its own invalidity expert if it believed it needed to assert different invalidity positions. Notably, none of Ōura's other positions in this case—including its claim construction positions, discovery positions, and participation in post-grant proceedings before the PTAB—included any caveat conditioning them on Ōura's severance Motion. In view of this history, Ōura's belated attempt to distance itself from its own invalidity expert disclosure rings hollow. This disclosure demonstrates that Ōura anticipated continuing to coordinate its invalidity case with the other Defendants and did not foresee a need for additional time to develop a separate invalidity position.

Further, Ōura does not indicate that it is contemplating any invalidity positions different from those of the other Defendants. To the contrary, Ōura's invalidity theories and retained invalidity expert are the same as the other Defendants, and nothing justifies a suspended or separate schedule on the possibility that Ōura will have a change of heart at this late stage. Ōura already has its own non-infringement and damages experts, confirming that Ōura is fully capable of proceeding under the current schedule where it has determined case-specific expertise is necessary.

Ultimately, Ōura's position is no different from any other case pending in the Eastern

5

District of Texas where the Court routinely resolves motions to dismiss during the later stages of a case. The potential for new threshold defenses does not warrant suspending an otherwise operative schedule, particularly where Ōura has not identified any specific threshold defense it intends to raise or explained why such a defense would require deviation from the existing deadlines.

## IV.    CONCLUSION

For the foregoing reasons, Omni respectfully requests that this Court deny Ōura's Opposed Motion to Suspend Deadlines Under the Third Amended Docket Control Order and grant Omni's Cross-Motion for Consolidation.

Date: April 10, 2026

*/s/ Daniel S. Stringfield w/ permission*
*William E. Davis, III*
Daniel S. Stringfield
William E. Davis III
Texas Bar No. 24047416
bdavis@davisfirm.com
Ty Wilson
Texas Bar No. 24106583
twilson@davisfirm.com
**DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, TX 75601
Tel: (903) 230-9090
Fax: (903) 230-9661

Daniel S. Stringfield (Admitted E.D. Tex.)
Illinois Bar No. 6293893
dstringfield@nixonpeabody.com
Timothy P. Maloney (Admitted E.D. Tex.)
Illinois Bar No. 6216483
tmaloney@nixonpeabody.com
Matthew A. Werber (Admitted E.D. Tex.)
Illinois Bar No. 6287658
mwerber@nixonpeabody.com
Karl R. Fink (Admitted E.D. Tex.)
Illinois Bar No. 6180508
krfink@nixonpeabody.com

6

Michael Gray
Texas Bar No. 24094385
mgray@nixonpeabody.com
Daniel D. Georgiev (Admitted E.D. Tex.)
Illinois Bar No. 6326950
Texas Bar No. 24136166
dgeorgiev@nixonpeabody.com
Peter Krusiewicz (Admitted E.D. Tex.)
Illinois Bar No. 6342444
pkrusiewicz@nixonpeabody.com
Alvaro Cure Dominguez (Admitted E.D. Tex.)
Illinois Bar No. 6343312
acuredominguez@nixonpeabody.com
**NIXON PEABODY LLP**
70 West Madison
Suite 5200
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

Elizabeth M. Chiaviello (Admitted E.D. Tex.)
Texas Bar No. 24088913*
echiaviello@nixonpeabody.com
Benjamin R. Holt (Admitted E.D. Tex.)
D.C. Bar No. 1048285
bholt@nixonpeabody.com
**NIXON PEABODY LLP**
799 9th Street NW
Suite 500
Washington, D.C. 20001
Tel: (202) 585-8000
Fax: (202) 585-8080
* Admitted to practice only in Texas; supervised
 by a member of the firm who is admitted to the
 D.C. Bar.

Nicholas Choi (Admitted E.D. Tex.)
New York Bar No. 5811492
nchoi@nixonpeabody.com
**NIXON PEABODY LLP**
Tower 46, 55 West 46th St.
New York, NY 10036
Tel: (212) 940-3000
Fax: (212) 940-3111

Taylor Pfeifer (Admitted E.D. Tex.)
California Bar No. 334181
tpfeifer@nixonpeabody.com
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
Tel: (213) 629-6000
Fax: (213) 629-6001

Alec M. Royka (Admitted E.D. Tex.)
Virginia Bar No. 95,959
aroyka@nixonpeabody.com
**NIXON PEABODY LLP**
677 Broadway, 10th Floor
Albany, NY 12207
Tel: (518) 427-2655
Fax: (833) 834-7265

***Attorneys for Plaintiff Omni MedSci, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served via electronic mail on April 10, 2026 to all opposing counsel of record.

*/s/ William E. Davis, III*
William E. Davis, III

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies compliance with L.R. CV-7(h) and L.R. CV-7(i). Counsel for Omni and counsel for Ōura have held multiple telephonic meet and confers on the issues implicated by this Cross-Motion. One of these telephonic meet and confer occurred April 7, 2026. This meet and confer included counsel for Omni, Elizabeth M. Chiaviello, and counsel for Ōura, James A Fussell, III, meet and conferred on the issues implicated by this Cross-Motion. Ōura opposes this Cross-Motion.

*/s/ Daniel S. Stringfield*
Daniel S. Stringfield