# Exhibit A

| | |
|---|---|
| **From:** | Chiaviello, Elizabeth |
| **Sent:** | Thursday, April 2, 2026 4:33 PM |
| **To:** | 'Fussell, Tripp' |
| **Cc:** | Omni MedSci; OMNI-DF; US-CLIENT-OURA-OmniMedSci-Service; shaunhassett@potterminton.com; Bo Davis |
| **Subject:** | RE: Omni/Oura - Severance Issues |

Tripp,

We disagree but are available to meet and confer tomorrow, Friday, April 2, at 11 am ct.



### Elizabeth M. Chiaviello
**Counsel**
echiaviello@nixonpeabody.com
T/ +1 202.585.8311  M/ +1 972.585.8949  F/ +1 833.495.4324

Nixon Peabody LLP
799 9th Street NW, Suite 500, Washington, DC 20001-5327
LinkedIn | Subscribe

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

**From:** Fussell, Tripp <JFussell@mayerbrown.com>
**Sent:** Wednesday, April 1, 2026 7:24 PM
**To:** Chiaviello, Elizabeth <echiaviello@nixonpeabody.com>
**Cc:** Omni MedSci <omni@nixonpeabody.com>; OMNI-DF <OMNI-DF@davisfirm.com>; US-CLIENT-OURA-OmniMedSci-Service <Oura-Omni@mayerbrown.com>; shaunhassett@potterminton.com; Bo Davis <bdavis@davisfirm.com>
**Subject:** RE: Omni/Oura - Severance Issues

**[EXTERNAL E-MAIL]**
Be Aware of Links and Attachments

Elizabeth,

Thank you for getting back to us. We disagree with Omni's position that there is "no ambiguity" regarding the current schedule. Oura has been severed from the case.

As an initial matter, the cases Omni cites are easily distinguishable. In those cases, consolidation was used to manage related cases from on outset that were filed separately or involved overlapping parties and issues warranting unified treatment. Here, you chose to sue multiple defendants in the same action, and the Court has determined that Oura was improperly joined.

Oura must now proceed independently in the severed action. Oura may need to retain and prepare its own experts without the benefit of coordination with co-defendants, respond to a new complaint that has yet to be filed, and potentially raise threshold defenses. Holding Oura to the existing DCO deadlines — including the expert report deadline

1

of April 6, which is just days away — under these circumstances would deny Oura a fair opportunity to mount its defense in its independent case and would be fundamentally unfair. The Court severed these claims precisely because they do not belong together; forcing them back onto the same schedule undermines the Court's ruling.

Accordingly, we reiterate our request for a joint motion to suspend the DCO deadlines as to Oura pending entry of a new scheduling order in the severed case. We believe this is the most efficient and fair path forward for both sides. If Omni is unwilling to agree, Oura will file its own motion for relief from the current scheduling deadlines and will oppose any motion to consolidate. Given the impending deadline, we will wanted to raise this on an expedited basis.

We are happy to meet and confer on these issues. Please provide your availability for a call this week.

Thanks,

Tripp Fussell | **Mayer Brown LLP** | (202) 263-3222 (w) (202) 285-4010 (c)

---

**From:** Chiaviello, Elizabeth <echiaviello@nixonpeabody.com>
**Sent:** Wednesday, April 1, 2026 7:10 PM
**To:** Fussell, Tripp <JFussell@mayerbrown.com>
**Cc:** Omni MedSci <omni@nixonpeabody.com>; OMNI-DF <OMNI-DF@davisfirm.com>; US-CLIENT-OURA-OmniMedSci-Service <Oura-Omni@mayerbrown.com>
**Subject:** RE: Omni/Oura - Severance Issues

**CAUTION: External Email -** Only click on contents you know are safe.

You don't often get email from echiaviello@nixonpeabody.com. Learn why this is important

Tripp,

Omni's position is that there is no ambiguity because this Court consistently consolidates related cases with a unified schedule.  *See e.g.*, *MR Licensing LLC v. Renesas Elecs. Corp.*, No. 2:25-cv-00441-JRG, Dkt. 14 (E.D. Tex. July 30, 2025) (consolidating severed claims *sua sponte*); *VARTA Microbattery GmbH v. Audio Partnership LLC*, No. 2:21-cv-00400-JRG-RSP (Lead), Dkt. 13 (E.D. Tex. Feb. 12, 2022) (consolidating related patent infringement actions); *Maxell, Ltd. v. Huawei Device USA, Inc.*, No. 5:18-cv-00033-RWS, Dkt. 28 (E.D. Tex. Aug. 29, 2018); *Emerging Automotive LLC v. Kia Corp.*, No. 2:23-cv-00437-JRG (E.D. Tex. Dec. 13, 2023).  Keeping with this Court's practice, Omni intends to file a motion to consolidate Oura's to-be-opened action with this case and maintain the current schedule.  Please provide your availability for a meet and confer on Omni's motion.

If Oura maintains its position that the Third Amended Docket Control Order (Dkt. 80) should be suspended, please provide the basis for such a motion.

**Elizabeth M. Chiaviello**
**Counsel**
echiaviello@nixonpeabody.com
T/ +1 202.585.8311  M/ +1 972.585.8949  F/ +1 833.495.4324

Nixon Peabody LLP
799 9th Street NW, Suite 500, Washington, DC 20001-5327
LinkedIn | Subscribe

This email message and any attachments are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you are not an intended recipient, please notify the sender immediately and delete the message from your email system. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful. Thank you.

---

**From:** Fussell, Tripp <JFussell@mayerbrown.com>
**Date:** Tuesday, March 31, 2026 at 1:38 PM
**To:** Bo Davis <bdavis@davisfirm.com>
**Cc:** Daniel Stringfield <dstringfield@nixonpeabody.com>, US-CLIENT-OURA-OmniMedSci-Service <oura-omni@mayerbrown.com>
**Subject:** RE: Omni/Oura - Severance Issues

Bo,

In light of Judge Gilstrap's order today adopting the R&R, I wanted to revisit our proposal below. Now that the R&R has been adopted and the Court has severed Omni's claims as to Oura into a new civil action, we think it is important to work out a clear path forward on scheduling. Please let me know your thoughts on the proposed schedule below, and happy to jump on a call to discuss.

Also, until the Clerk opens the new action and a new schedule is entered, there is ambiguity about whether Oura remains subject to the deadlines in the current DCO — including the expert report deadline on 4/6.

We do not believe it would be appropriate to hold Oura to that deadline given that the Court's order. To avoid any dispute on this issue, we propose a joint motion to suspend the DCO deadlines as to Oura, effective immediately, pending entry of a new scheduling order in the severed case.

Please let us know what you think.  And feel free to give me a ring to discuss.

Thanks,


Tripp Fussell | **Mayer Brown LLP** | (202) 263-3222 (w) (202) 285-4010 (c)

---

**From:** Fussell, Tripp <JFussell@mayerbrown.com>
**Sent:** Wednesday, March 18, 2026 1:02 PM
**To:** Bo Davis <bdavis@davisfirm.com>
**Cc:** Daniel Stringfield <dstringfield@nixonpeabody.com>; US-CLIENT-OURA-OmniMedSci-Service <Oura-Omni@mayerbrown.com>
**Subject:** RE: Omni/Oura - Severance Issues

Bo,

Thank you for taking the time this morning regarding a path forward in light of the R&R.

As we discussed, Oura believes it is in both parties' interests to resolve this procedural uncertainty as quickly as possible so that we can move forward with a clear schedule. To that end, we propose the following framework:

1. **Mutual Agreement to Forego Objections to the R&R.** We propose that Omni and Oura mutually agree not to file objections to the R&R. This will allow the district court to adopt the recommendation promptly and permit the parties to proceed with certainty regarding the case posture. Our proposal below is contingent on this mutual agreement.

3

2. **Oura will Agree to Complete Fact Discovery Under Current Schedule.** Oura is prepared to complete fact discovery under the current case schedule, if Omni's agrees to provide additional deposition time of Dr. Islam beyond what was previously allocated, which we understand is being considered already.

3. **Amended Schedule for Remaining Deadlines.** Given that Oura will now need to proceed independently (as well as Omni)—including retaining and preparing experts without the benefit of coordination with co-defendants—we propose that the remaining deadlines be extended and pegged to the date Oura files its answer to the new complaint required by the R&R. This provides a clear triggering event and accommodates the inherent uncertainty in timing while the severance process is finalized.

Our proposed amended schedule is as follows:

| Event | Current Schedule | Proposed Amended Date |
|---|---|---|
| Oura's Answer to New Complaint | N/A | Triggering Event ("Day 0") |
| Deadline to Complete Fact Discovery and File Motions to Compel | March 30, 2026 | No change |
| Serve Disclosures for Expert Witnesses (Party with Burden of Proof) | March 30, 2026 / April 6, 2026 | 30 days after Answer |
| Serve Disclosures for Rebuttal Expert Witnesses | April 20, 2026 /April 27, 2026 | 51 days after Answer |
| Deadline to Complete Expert Discovery | May 4, 2026 / May 11, 2026 | 72 days after Answer |
| File Dispositive Motions (including Daubert Motions) | May 11, 2026 / May 18, 2026 | 79 days after Answer |
| File Motions to Strike Expert Testimony (including Daubert Motions) | May 11, 2026 / May 18, 2026 | 79 days after Answer |
| Response to Dispositive Motions | May 26, 2026 / June 2, 2026 | 94 days after Answer |
| Serve Pretrial Disclosures (Party with Burden of Proof) | June 1, 2026 | 100 days after Answer |
| Serve Objections to Pretrial Disclosures; Serve Rebuttal Pretrial Disclosures | June 15, 2026 | 114 days after Answer |
| Serve Objections to Rebuttal Pretrial Disclosures | June 22, 2026 | 121 days after Answer |
| File Motions in Limine | June 22, 2026 | 121 days after Answer |
| File Notice of Request for Daily Transcript or Real Time Reporting | June 29, 2026 | 128 days after Answer |
| File Joint Pretrial Order, Joint Proposed Jury Instructions, etc. | July 6, 2026 | 135 days after Answer |
| Notify Court of Agreements Reached During Meet and Confer | July 6, 2026 | 135 days after Answer |
| Pretrial Conference | July 13, 2026 | 142 days after Answer |
| Submit Juror Questionnaire (if used) | July 20, 2026 | 149 days after Answer |
| Jury Selection | August 17, 2026 | 177 days after Answer |

Please let me know if you want to discuss further.

Tripp Fussell | **Mayer Brown LLP** | (202) 263-3222 (w) (202) 285-4010 (c)

**From:** Bo Davis <bdavis@davisfirm.com>
**Sent:** Wednesday, March 18, 2026 9:59 AM
**To:** Fussell, Tripp <JFussell@mayerbrown.com>
**Cc:** Daniel Stringfield <dstringfield@nixonpeabody.com>
**Subject:** Re: Omni/Oura - Severance Issues

**CAUTION: External Email -** Only click on contents you know are safe.
Sure.  I have a call at 10, but that should be good.

---

**From:** Fussell, Tripp <JFussell@mayerbrown.com>
**Date:** Wednesday, March 18, 2026 at 7:50 AM
**To:** Bo Davis <bdavis@davisfirm.com>
**Cc:** Daniel Stringfield <dstringfield@nixonpeabody.com>
**Subject:** Re: Omni/Oura - Severance Issues
Bo,

I'm stuck in some bad traffic. Can you push back to 9:30 CT?

Thanks,
Tripp

On Mar 17, 2026, at 6:12 PM, Bo Davis <bdavis@davisfirm.com> wrote:

**CAUTION: External Email -** Only click on contents you know are safe.
Tripp,
I'm free tomorrow morning before 10 am CT.  Let's do 9 am CT, unless there is a different time in that window that works for you.

Bo

---

**From:** Bo Davis <bdavis@davisfirm.com>
**Date:** Tuesday, March 17, 2026 at 3:37 PM
**To:** Fussell, Tripp <JFussell@mayerbrown.com>
**Cc:** Stringfield, Daniel <dstringfield@nixonpeabody.com>
**Subject:** Re: Omni/Oura - Severance Issues
I just freed up, but it looks like your window for today has closed.  I'll try to get with Dan and set a time to talk in the morning.

---

**From:** Fussell, Tripp <JFussell@mayerbrown.com>
**Date:** Tuesday, March 17, 2026 at 2:10 PM
**To:** Bo Davis <bdavis@davisfirm.com>
**Cc:** Stringfield, Daniel <dstringfield@nixonpeabody.com>
**Subject:** RE: Omni/Oura - Severance Issues
You bet.

I'm available now until 5:30 ET if you want to call me.  Tomorrow works as well if that's better for you. Thursday and Friday I'm in depos.

Tripp Fussell | **Mayer Brown LLP** | (202) 263-3222 (w) (202) 285-4010 (c)

---

**From:** Bo Davis <bdavis@davisfirm.com>
**Sent:** Tuesday, March 17, 2026 4:02 PM
**To:** Fussell, Tripp <JFussell@mayerbrown.com>
**Cc:** Stringfield, Daniel <dstringfield@nixonpeabody.com>
**Subject:** Omni/Oura - Severance Issues

<mark>**CAUTION:** **External Email -** Only click on contents you know are safe.</mark>

Hi Tripp,

Could we jump on a call over the next day or so on your email regarding the Court's R&R on severance?

Thanks,
Bo

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global legal services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown Hong Kong LLP (a Hong Kong limited liability partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.