**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **OMNI MEDSCI, INC.,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § § | **No. 2:24-cv-01070-JRG-RSP** |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., FOSSIL GROUP, INC., FOSSIL STORES I, INC., FOSSIL PARTNERS, L.P., ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., ŌURA HEALTH OY,** | § § § § § § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

**OMNI MEDSCI, INC.'S REPLY IN SUPPORT OF ITS
CROSS-MOTION FOR CONSOLIDATION AND SUR-REPLY OPPOSING
<u>DEFENDANT ŌURA HEALTH OY'S OPPOSED MOTION TO SUSPEND DEADLINES</u>**

## I.      INTRODUCTION

Ōura's Reply brief (Dkt. 180) rests on a single premise: that the ministerial act of opening a new civil action is both "material" and "dispositive" of its motion to suspend and Omni's motion to consolidate *See* Dkt. 180 at 1. It is neither. The opening of a new civil action for accomplishing severance did not terminate Ōura from this Original Action, did not vacate the prior actions and filings of the parties, including Oura, and did not vacate or suspend the Third Amended Docket Control Order ("DCO") or any other prior orders of the Court. Ōura itself continues to file its papers in this Action, belying any suggestion that the DCO no longer applies to Ōura.  Ōura argues that there should be "consequences" resulting from the ruling of misjoinder and severance, but provides no legal or other basis to argue that a consequence should be a suspension of all further deadlines as to Ōura.

The practical reality is that severance followed by consolidation here would place Ōura in the same procedural posture it would have occupied had Omni filed separate actions from the outset and then moved to consolidate. There is no reason to treat those two procedural postures differently or create an unjustified difference as a "consequence" of severance.

## II.     ARGUMENT

### A. This Court Should Consolidate the Severed Ōura Action.

The opening of a new civil action to accomplish severance did not vacate or nullify the prior actions of the parties or the Court in this action. Indeed, Ōura implicitly recognizes this in continuing to file papers in this Action. This Court did not terminate or suspend the schedule as it applies to Ōura.  *See* Dkt. 163. The DCO (Dkt. 151) remains in full force and effect; the R&R (Dkt. 146) recommended severance of the claims but did not recommend or order that any scheduling deadlines be vacated, modified, or suspended, nor did this Court's Order Adopting the

R&R (Dkt. 163) address the DCO or suggest that severance would disturb the existing schedule. Therefore, the severed action should be consolidated with this Action, at least for pretrial purposes, so that the existing record, schedule, and existing case management framework continue to govern without disruption.

Ōura's Reply also devotes considerable attention to 35 U.S.C. § 299, arguing that consolidation would "turn § 299 on its head" and "effectively reverse the Court's severance order." Dkt. 180 at 2, 8. Ōura provides no legal precedent or authority to support this argument. This argument conflates joinder with consolidation and ignores the practical reality that the pre-trial proceedings in separate but related cases may be, and often are, consolidated. Tellingly, Ōura does not deny that this Court's consistent practice is to consolidate related patent actions for pretrial purposes. *See, e.g.*, *Emerging Automotive LLC v. Kia Corp.*, No. 2:23-cv-00437-JRG, Dkt. No. 15 (E.D. Tex. Dec. 13, 2023). Ōura also does not dispute that its case is precisely the type of related action this Court routinely consolidates—one involving the same patents, overlapping claim construction, and common questions of validity.[1] Had Omni filed separate actions against each defendant at the outset, this Court would have consolidated those cases for pretrial purposes as a matter of course. Ōura cannot identify any pre-trial procedural difference between a joined case and a consolidated one as it relates to the issues here. In both scenarios, the parties would share a unified pretrial schedule, common claim construction proceedings, and coordinated discovery.

---

[1] Ōura's characterization of itself as having been thrown into "a seven-defendant case" (Dkt. 165 at 1–2) is also disingenuous. While there are nominally seven defendants in the caption, there are in reality only four defendant groups: (1) Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (parent and subsidiary); (2) Fossil Group, Inc., Fossil Stores I, Inc., and Fossil Partners, L.P. (affiliates of the same corporate family); (3) OnePlus Technology (Shenzhen) Co., Ltd.; and (4) Ōura Health Oy. At least three of the named defendants are subsidiaries or affiliates of one another, and they have litigated this case as coordinated entities, not as seven independent parties.

Consolidation does not "undo" severance; it ensures that related claims are managed efficiently while preserving each Defendant's right to an independent trial, which is precisely the balance this Court's practice achieves.

Ōura's reliance on the Federal Circuit's decision in *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012) misses the mark and instead supports Omni's Cross-Motion for consolidation. The Federal Circuit never directed the district court to maintain separate, independent actions for related cases. *See generally id.* To the contrary, following the Federal Circuit's writ of mandamus in that case, the district court in *Oasis Research, LLC v. Carbonite, Inc.*, No. 4:10-cv-435, 2012 WL 3544881 (E.D. Tex. Aug. 15, 2012), did precisely what Omni asks this Court to do here after severance:  the court immediately consolidated the severed actions for all pretrial issues (except venue). *Id.* at *1, *6–7. The *Oasis Research* court recognized that severance and consolidation serve complementary purposes: severance corrects the improper joinder, while consolidation preserves judicial economy and prevents duplicative proceedings on common issues. *Id.* at *6–7. Exercising its "considerable discretion" under Rule 42(a), the Court consolidated the newly severed actions for all pretrial purposes, recognizing that "limited resources" and "efficient and cost-saving case-management procedures" warranted unified pretrial proceedings where common questions of law and fact existed. *Id.* at *6–7.

Ōura cannot distinguish *Oasis Research* in any meaningful way. The Federal Circuit's decision authorized severance to correct improper joinder—it did not prohibit the trial court from exercising its broad discretion to consolidate related claims for pretrial efficiency. Ōura's attempt to read *In re EMC* as mandating entirely independent proceedings ignores the outcome of the very case from which it arose.

3

**B. Ōura's Motion to Suspend Deadlines Should Be Denied.**

Ōura's admissions that "[w]hatever efficiencies consolidation might have offered have already been realized" (Dkt. 180 at 4) and that it enjoyed "the benefit of coordinating with co-defendants on experts or trial strategy" in this action (Dkt. 165 at 2) cannot be squared with its argument that it no longer wants to proceed in a consolidated fashion with the other Defendants but instead now wants to be proceeding "independently." Dkt. 165 at 2; Dkt. 180 at 6. Ōura states that "changed circumstances" leads it to "evaluate its own invalidity and non-infringement positions" (Dkt. 165 at 2) and "reassess which invalidity grounds to pursue, which prior art references to prioritize, and whether to advance additional or different theories" Dkt. 165 at 6. These two positions are irreconcilable. If the "benefit" and efficiencies of coordinated litigation "have been realized," as Ōura admits, then Ōura can and should proceed under the existing schedule with the benefit of the work already done and continue in coordination with the other Defendants. But if, as Ōura argues, severance has somehow "fundamentally changed" its litigation posture (Dkt. 180 at 7) (which it has not) and is causing Ōura to "reassess" its entire defense strategy, then the efficiencies of prior coordination with the other Defendants in this action can continue and consolidation is precisely the vehicle to ensure those efficiencies continue.

Ōura's claim that it had "little choice but to join in the opening invalidity report" of the other Defendants (Dkt. 180 at 4 n.1) is unavailing. There were no procedural obstacles preventing it from retaining its own invalidity expert at any time during this litigation. Ōura had already independently retained its own non-infringement and damages experts. Ōura's decision to coordinate its invalidity contentions and retention of an invalidity expert was its strategic choice. Ōura's belated attempt to characterize its own litigation decisions as having been forced upon it by the structure of the multi-defendant case rings hollow, particularly given that none of Ōura's

other litigation positions—including its claim construction positions, discovery positions, and participation in PTO proceedings—were conditioned on the outcome of its severance motion.

Ōura's Reply also argues that "no new complaint has been filed" and that Ōura cannot "precisely ascertain the scope of the claims and theories it must defend against in the severed action" (Dkt. 180 at 7) is now moot. Omni filed its Fourth Amended Complaint in the severed action. *See Omni MedSci, Inc. v. Ōura Health Oy*, No. 2:26-cv-00289-JRG-RSP, Dkt. 3 (E.D. Tex. Apr. 15, 2026). The asserted patents and claims against Oura in the Fourth Amended Complaint mirror the asserted patents and claims against Oura as they currently stand in this Action. The accused products and infringement theories are the same. There is no surprise, no new claim.

Ōura has already participated in coordinated claim construction briefing, completed fact discovery, and retained its own non-infringement and damages experts. The only pretrial tasks remaining are the exchange of expert reports, expert depositions, dispositive motions, *Daubert* motions, and pretrial disclosures—tasks Ōura can perform under the existing schedule and in coordination with the other Defendants where applicable. Ōura has not demonstrated good cause for suspending the deadlines, and this Court should deny its Motion.

## IV.    CONCLUSION

For the foregoing reasons, this Court should grant Omni's Cross-Motion for Consolidation (Dkt. 179) and deny Ōura's Opposed Motion to Suspend Deadlines Under the Third Amended Docket Control Order (Dkt. 165).

Date:    April 16, 2026

Respectfully submitted,

*/s/ Daniel S. Stringfield w/ permission*
*William E. Davis, III*
William E. Davis, III
Texas Bar No. 24047416
Ty Wilson
Texas Bar No. 24106583
**DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, TX 75601
(903) 230-9090
bdavis@davisfirm.com
twilson@davisfirm.com

Daniel S. Stringfield (Admitted in E.D. Tex.)
Illinois Bar No. 6293893
Timothy P. Maloney (Admitted in E.D. Tex.)
Illinois Bar No. 6216483
Karl R. Fink (Admitted E.D. Tex.)
Illinois Bar No. 6180508
Matthew A. Werber (Admitted E.D. Tex.)
Illinois Bar No. 6287658 Karl R. Fink
(Admitted E.D. Tex.)
Illinois Bar No. 6180508
Daniel D. Georgiev (Admitted in E.D. Tex.)
Illinois Bar No. 6326950
Texas Bar No. 24136166
Peter C. Krusiewicz (Admitted in E.D. Tex.)
Illinois Bar No. 6342444
Alvaro Cure Dominguez (Admitted E.D. Tex.)
Illinois Bar No. 6343312
Randal Alexander (Admitted E.D. Tex.)
Illinois Bar No. 6298199
**NIXON PEABODY LLP**
70 West Madison St., Suite 5200
Chicago, IL 60602
(312) 977-4400
dstringfield@nixonpeabody.com
tmaloney@nixonpeabody.com
mwerber@nixonpeabody.com
krfink@nixonpeabody.com
dgeorgiev@nixonpeabody.com
pkrusiewicz@nixonpeabody.com
acuredominguez@nixonpeabody.com
ralexander@nixonpeabody.com

6

Elizabeth M. Chiaviello (Admitted in E.D. Tex.)
Texas Bar No. 24088913
D.C. Bar No. 90033239
Benjamin R. Holt (Admitted in E.D. Tex.)
D.C. Bar No. 1048285
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, D.C. 20001
(202) 585-8000
echiaviello@nixonpeabody.com
bholt@nixonpeabody.com

Nicholas Choi (Admitted in E.D. Tex.)
New York Bar No. 5811492
**NIXON PEABODY LLP**
55 West 46th Street
New York, NY 10036
(212) 940-3013
nchoi@nixonpeabody.com

Taylor Pfeifer (Admitted in E.D. Tex.)
California Bar No. 334181
tpfeifer@nixonpeabody.com
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
Tel: (213) 629-6000
Fax: (213) 629-6001

Alec M. Royka (Admitted E.D. Tex.)
Virginia Bar No. 95,959
aroyka@nixonpeabody.com
**NIXON PEABODY LLP**
677 Broadway, 10th Floor
Albany, NY 12207
Tel: 518-427-2655
Fax: 833-834-7265

***Attorneys for Plaintiff Omni MedSci, Inc.***

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served on April 16, 2026, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

> */s/ William E. Davis, III___*
> William E. Davis, III