[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**OMNI MEDSCI, INC.,**

**Plaintiff,**

**v.**

**SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC.,**

**Defendants.**

**NO. 2:24-CV-01070-JRG-RSP**

**JURY TRIAL DEMANDED**

[redacted]

**OMNI MEDSCI, INC.'S MOTION TO COMPEL A PRETRIAL SOURCE CODE REVIEW AND TO HAVE THE SOURCE CODE COMPUTER AVAILABLE AT TRIAL FOR REVIEW AND GENERATION OF PRINTED SOURCE CODE FOR USE AT TRIAL**

[redacted]

**I. Introduction.** Plaintiff Omni MedSci, Inc. ("Omni") respectfully requests: (1) that Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") be compelled to make source code available for a one-day pretrial review by Omni's technical expert Dr. Christopher Daft, and allow printing of additional source code as needed for use at trial, (2) that the source code computer be made available during trial for review and any necessary printing of additional source code during trial, and (3) that the entirety of all printed source code be admitted as a trial exhibit. While Omni views these requests as only seeking reasonable access to already-produced discovery materials, good cause nonetheless exists.

Samsung's source code was examined during discovery by experts for both sides. Omni's technical expert Dr. Daft formulated expert opinions based on such inspections. Samsung's technical expert, Dr. R. Jacob Baker, offered countering non-infringement opinions. However, Dr. Baker's opinions were proffered after the close of fact discovery and contained non-infringement contentions not found within Samsung's interrogatory responses. Thus, the first time Omni had real clarity as to Samsung's non-infringement theories was after the close of fact discovery.

Omni's expert should be allowed to conduct a further review of the source code before trial to assist in Omni's trial preparation regarding Samsung's non-infringement contentions and Dr. Baker's non-infringement opinions. Further source code review and printing of relevant source code is necessary for preparation of cross-examination of Samsung's lay witnesses and Dr. Baker. Further, Omni should be allowed access to, and use of, the source code on Samsung's source code computer during trial for generation of additional printouts as needed during trial. Samsung objects to these requests, and wishes to limit Omni to using the limited printouts of source code that were made during discovery under the limited print-out restrictions regarding source code in the

[redacted]

Protective Order in this action. *See* Dkt. Nos. 51 and 155 at ¶ 10. However, Omni should permitted to use all of the source code produced in this action as needed during trial.

Omni is seeking a limited remedy: 1) pretrial inspection and printing of requested excerpts of the source code for use at trial, 2) availability of the source code computer during trial for any further review and printing of source code, and 3) admission as a trial exhibit of all printouts of source code made before or during trial. *See* PX-1 (Dkt. No. 375-8). Omni is not seeking permission to serve a supplemental expert report from Dr. Daft. And, of course, Omni understands that Dr. Daft must testify within the confines of his expert report. This request is an expedient one that will not cause undue prejudice to Samsung.

**II. Factual Background.** During discovery in this action, Samsung permitted examination by Omni of the source code stored on Samsung's source code computer. Printouts of portions of the source code were made and used by Dr. Daft in the rendering of his opinions and expert report.

Meanwhile, during the fact discovery period, Omni served Common Interrogatory No. 2, which reads (in relevant part): "For each device You identified to Interrogatory No. 1, describe in a claim chart the complete and factual basis for Your contention, if any, that each element, limitation, or step of each Asserted Claim for each Asserted Patent is not found within each identified device . . . ." Ex. 1.[1] Samsung initially objected and stated that discovery was ongoing. It then supplemented twice, once on March 23, 2026, and again at the close of fact discovery on March 30, 2026. However, Samsung's final supplemental response to Common Interrogatory No. 2 merely listed 55 claim limitations in the seven (7) asserted patents that it disputed, but provided

[1] To comply with this Court's Standing Order regarding discovery-related motions, Omni has copied and pasted representative excerpts of Samsung's response to Interrogatory No. 2 (which spans 15 pages) into a Word document. This document is attached as Exhibit 1.

[redacted]

virtually no explanation of the basis for such contentions of non-infringement. *See* Ex. 1. For example, Samsung stated in its March 23, 2026 response to Common Interrogatory No. 2: "Omni in its infringement contentions has not demonstrated that Samsung practices at least the following limitations . . . . U.S. Patent No. 9,651,533… 'the light source configured to increase signal-to-noise ratio by increasing a light intensity…' (claim 5)" without any further explanation. Ex. 1. The end of the interrogatory answer adds a single paragraph with general statements about downloading*, e.g.*, "Samsung does not directly infringe the Asserted Patents because a user must download, install, and/or activate phone applications or software . . . .," but provides no further explanation for why Samsung believes it does not directly infringe the 55 disputed claim limitations. Ex. 1. Instead, Samsung cited about 100 documents in its interrogatory response under Rule 33(d). *See* Ex. 1.

After the close of fact discovery on March 30, 2026 and Omni's service of Dr. Daft's April 4, 2026 expert report (later corrected in an April 22, 2026 revision), Samsung served Dr. Baker's April 27, 2026 Noninfringement Expert Report in which he disclosed the bases of Samsung's non-infringement theories. Regarding the above-referenced example of claim 5 of the '533 patent, Dr. Baker's rebuttal report introduced a previously undisclosed non-infringement theory: [redacted] *See, e.g.*, Ex. 2 at ¶ 161. Dr. Baker relied on source code to dispute Dr. Daft's infringement opinion regarding this element. Dr. Daft had opined that Samsung's accused products meet the claim limitations requiring an increase in light intensity in claim 5 (*see, e.g.*, Dkt.1-2 (the '533 patent)) because, among other reasons, [redacted] In response, Dr. Baker criticized Dr.

[redacted]

Daft's analysis of the source code—specifically, Dr. Baker asserts that Dr. Daft [redacted] Ex. 2 (Baker Rebuttal Report) at ¶ 158. Dr. Baker cited source-code printout SC-SAM-OM_00103 (*see* Samsung trial exhibit DX464, Dkt. 375-9) to support his opinion. *Id.* At his deposition, Dr. Baker testified that [redacted] Ex. 3 (Baker Dep. Tr.) at 84:23–85:2; 93:18–23. Thus, from the contrary opinions of Dr. Daft and Dr. Baker based on their reading of the source code, it is clear that interpretation of the source code is going to be the subject of dispute at trial and Omni has therefore designated the source code as trial exhibit PX-1. (Dkt. 375-8).

Counsel for Omni, in a telephonic meet and confer on July 12, 2026, requested that Samsung permit Omni's expert Dr. Daft a final pretrial review of the source code. Samsung's counsel, through an email sent on July 21, 2026, objected to an additional review of the source code. The parties held a lead-and-local teleconference on this issue on August 20, 2026 and agreed that they have reached an impasse on the request for a pretrial inspection of the source code and the access and use of the source code computer during trial and the use of additional source code printouts generated during trial.

**III. Legal Standard.** The Court's Protective Order states: "The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court." Dkt. No. 51 at ¶ 17 (underlining added). *See also id.* at ¶ 14 (similar provision in regard to depositions and hearings).

[redacted]

If the Court views Omni's request as reopening fact discovery, then the good-cause standard applies. The applicable factors are: "(1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice." *Crawford v. C.R. Bard, Inc.*, No. 6:19-CV-00412, 2020 WL 2468771, at *2 (E.D. Tex. May 13, 2020) (quoting *Hernandex v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009)).

## IV. Argument

**A. Samsung's Interrogatory Response Is Deficient and Omni Was Prejudiced.** As a preliminary point, Samsung was obligated to—but did not—fully respond to Omni's Common Interrogatory No. 2. *See Round Rock Rsch., LLC v. Dell Inc.*, No. 4:11-CV-332, 2012 WL 8017390, at *2 (E.D. Tex. Mar. 26, 2012) (compelling response to an interrogatory seeking an accused infringer's non-infringement contentions); *Personal Audio, LLC v. Apple, Inc.*, No. 9:09-CV-111, Dkt. No. 139 at p. 1–4 (June 1, 2010) (same). The interrogatory response provided virtually no explanation of the bases of Samsung's contentions of non-infringement of the disputed 55 claim limitations referenced therein. Ex. 1. Contention interrogatories "serve an important purpose in helping to discover facts supporting the theories of the parties." *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012). Omni was unfairly deprived of the opportunity to "discover facts," *e.g.*, review Samsung's source code with meaningful knowledge of the bases Samsung's non-infringement positions, by Samsung's decision to defer disclosure of the bases of its non-infringement contentions and reveal them for the first time in Dr. Baker's rebuttal technical expert report. *See Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1003 (N.D. Cal. 2019) ("A rule that an accused infringer may wait until its expert rebuttal report to set forth theories of non-infringement for the first time would forfeit the benefits

[redacted]

of contention interrogatories."). This Court, in *Polaris PowerLED Techs. v. Samsung Elecs.*, recognized a defendant's obligation to disclose its non-infringement contentions in response to an interrogatory and to serve a rebuttal report that hews to that disclosure. No. 2:22-CV-00469-JRG, 2024 WL 4870767, at *2 (E.D. Tex. Nov. 21, 2024) (permitting the service of a supplemental infringement expert report when Samsung's noninfringement expert disclosed a theory different from the ones found in Samsung's interrogatory responses.).

Thus, even though Samsung's discovery violation would allow for the striking of its expert's opinions or the expanding of Omni's expert's opinions, Omni is seeking a much more limited and must less disruptive remedy: pretrial review and printing of source code in preparation for trial, and access and use of the entirety of the source code as needed during trial.

**B. Explanation for Alleged Delay.** Samsung argues that Omni has delayed in seeking the requested relief. However, the alleged delay resulted in large part from Samsung's deficient interrogatory responses served during the period of fact discovery. While Samsung may complain that Omni should have moved sooner after the service of Dr. Baker's rebuttal report, the limited scope Omni's requested relief renders this complaint unimpactful. Omni only wants to review and print already-produced source code—source code that Samsung has in its possession and used to prepare Dr. Baker's non-infringement opinions. Samsung, therefore, suffers no real prejudice by virtue of the time at which this Motion was filed.

**C Pretrial Source Code Review Is Important.** As explained above, the parties have disputes centered around interpretation of the source code that were revealed in expert reports after the close of fact discovery. Allowing Omni pretrial inspection of the source code and its use at trial is important. Dr. Baker's non-infringement rebuttal report and deposition testimony create specific

[redacted]

disputes that Omni should be able to counter with the entirety of the source code, not just the limited printouts of excerpts that were allowed to be printed out during discovery.

**D. Samsung Will Not Be Unfairly Prejudiced; A Continuance Is Not Necessary.** As discussed above, Samsung will not be unfairly prejudiced by an additional source code review or use of any further source code printouts resulting from such review. The scope of this case is not changing based on Omni's request. Omni is not supplementing Dr. Daft's report based on any additional source code printouts. Omni seeks to have the source code printouts at trial to cross-examine Samsung's witnesses. Samsung knows its own source code and, thus, has the ability to prepare its witnesses on it. Regardless, trial in this matter will not occur for at least another month. That is plenty of time for Samsung and its witnesses to acclimate to any additional printouts.

**E. The Source Code Computer Should Be Available at Trial.** Omni is not suggesting that the source code computer be marked as a trial exhibit. There is no convincing reason to preclude the source code computer from being brought to trial or to preclude use of source printouts generated before or during trial. The source code is, obviously, relevant. It was produced by Samsung and, therefore, necessarily authentic. And, as a party-opponent statement, is not hearsay.

**V. Conclusion.** The Court should order 1) that Samsung permit a pretrial review by Dr. Daft of the source code and printing out of additional excerpts for use at trial, 2) availability of the source code computer at trial for any further review and printing of source code during trial, and 3) admission as a trial exhibit of all source code printouts generated before or during trial.

[redacted]

Date: August 21, 2026

Respectfully submitted,

*/s/ Daniel S. Stringfield w/ permission*
*William E. Davis, III*
William E. Davis, III
Texas Bar No. 24047416
Ty Wilson
Texas Bar No. 24106583
**DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, TX 75601
(903) 230-9090
bdavis@davisfirm.com
twilson@davisfirm.com

Daniel S. Stringfield (Admitted in E.D. Tex.)
Illinois Bar No. 6293893
Timothy P. Maloney (Admitted in E.D. Tex.)
Illinois Bar No. 6216483
Karl R. Fink (Admitted in E.D. Tex.)
Illinois Bar No. 6180508
Matthew A. Werber (Admitted E.D. Tex.)
Illinois Bar No. 6287658 Karl R. Fink
(Admitted E.D. Tex.)
Illinois Bar No. 6180508
Daniel D. Georgiev (Admitted in E.D. Tex.)
Illinois Bar No. 6326950
Texas Bar No. 24136166
Peter C. Krusiewicz (Admitted in E.D. Tex.)
Illinois Bar No. 6342444
Alvaro Cure Dominguez (Admitted E.D. Tex.)
Illinois Bar No. 6343312
**NIXON PEABODY LLP**
70 West Madison St., Suite 5200
Chicago, IL 60602
(312) 977-4400
dstringfield@nixonpeabody.com
tmaloney@nixonpeabody.com
mwerber@nixonpeabody.com
krfink@nixonpeabody.com
dgeorgiev@nixonpeabody.com
pkrusiewicz@nixonpeabody.com
acuredominguez@nixonpeabody.com

[redacted]

Elizabeth M. Chiaviello (Admitted in E.D. Tex.)
Texas Bar No. 24088913
D.C. Bar No. 90033239
Benjamin R. Holt (Admitted in E.D. Tex.)
D.C. Bar No. 1048285
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, D.C. 20001
(202) 585-8000
echiaviello@nixonpeabody.com
bholt@nixonpeabody.com

Nicholas Choi (Admitted in E.D. Tex.)
New York Bar No. 5811492
**NIXON PEABODY LLP**
55 West 46th Street
New York, NY 10036
(212) 940-3013
nchoi@nixonpeabody.com

Taylor Pfeifer (Admitted in E.D. Tex.)
California Bar No. 334181
tpfeifer@nixonpeabody.com
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
Tel: (213) 629-6000
Fax: (213) 629-6001

Alec M. Royka (Admitted E.D. Tex.)
Virginia Bar No. 95,959
aroyka@nixonpeabody.com
**NIXON PEABODY LLP**
677 Broadway, 10th Floor
Albany, NY 12207
Tel: 518-427-2655
Fax: 833-834-7265

***Attorneys for Plaintiff Omni MedSci, Inc.***

[redacted]

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ William E. Davis, III*
William E. Davis, III

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the parties met and conferred on the issues implicated by this Motion on August 20, 2026. This conference included the lead and local counsel for the parties. For Samsung, the attorneys included Steven Pepe (lead counsel) and Tom Gorham (local counsel). For Omni, the attorneys included Daniel Stringfield (lead counsel) and Ty Wilson (local counsel). The parties are at an impasse. Samsung opposes Omni's requested relief for reasons including that it believes source code reviews should have been completed during the fact discovery period.

*/s/ Daniel S. Stringfield*
Daniel S. Stringfield

*/s/ Ty Wilson*
Ty Wilson

[redacted]

[redacted]