**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| OMNI MEDSCI, INC., | § | |
| *Plaintiff*, | § | |
| v. | § | Case No. 2:24-cv-01070-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS, CO. LTD., ET. AL., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Currently before the Court are Plaintiff's objections to Defendants' exhibits DTX 305, 308, 375, 390 and 396, all of which were carried by the Court during the October 2, 2026 pretrial conference. Following review of the documents, the Court rules as follows:

**DTX 305** "HRM (Heart Rate Monitor) Wearable – this document is relevant for the fact of the utterance, as opposed to the truth of the matter asserted, because it is a product requirement document. However, to the extent it has hearsay uses, the business records declaration (Dkt. No. 405-2 at 3) meets the requirements of FRE 803(6). Accordingly, it is pre-admitted.

**DTX 308** is pre-admitted based upon the same analysis as DTX 305. However, certain pages of the exhibit, such as pages 43, 44, and 49, appear to relate solely to the human body, as opposed to the design, performance and testing of the products. Such pages will be required to be redacted as hearsay within hearsay if Plaintiff requests.

**DTX 375** is pre-admitted based upon the same analysis as DTX 305.

**DTX 390** is excluded based on the hearsay objection. While Defendants have offered caselaw showing that it is not necessarily an abuse of discretion to admit third-party records that "are integrated into a company's records and relied upon in its day-to-day operations," this is premised upon the condition that there is no evidence that the documents are untrustworthy. *E.g.*,

*Willbern v. Bayview Loan Servicing, L.L.C.*, 842 Fed. Appx 865, 868 (5th Cir. 2021). This document, from third-party Epistar, is prominently marked on both pages as a "draft." The Court finds that, under the totality of the circumstances, it is inadmissible hearsay.

**DTX 396** is pre-admitted based upon the same analysis as DTX 305.

**IT IS FURTHER ORDERED** that, the Court having now ruled on pre-admission of exhibits, the parties shall each exchange, by **October 9**, a revised exhibit list reflecting its understanding of all agreements and rulings on exhibits. After conferring with each other, each party shall file its final trial exhibit list by **October 16**, 2026. In the event that there are disagreements about the proper contents of either list, the parties shall also file by that date a joint notice setting out the conflicting positions on any such dispute.

**SIGNED this 4th day of October, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE